Kenner vs. The Leon Godchaux Company, Ltd.

No. 13,415.

52  965
110  493

PHILIP M. KENNER VS. THE LEON GODCHAUX COMPANY, LIMITED.

SYLLABUS.

Where the husband joins with the wife in the sale of real estate acquired in her
name, and held out to be her separate property, he will not be heard to as-
sert the contrary in an action brought by him to recover such property,
from innocent purchasers who have paid the price, upon the ground that it
belonged to the community and that he allowed his wife to dispose of it in
ignorance of his legal rights. "Error of law can never be alleged as the
means of acquiring", etc.   (C. C., 1846.)

A PPEAL from the Twenty-First Judicial District Court, Parish of
St. Charles—*Rost, J.*

*Hiddleston Kenner* for Plaintiff, Appellant.

*J. L. Gaudet* and *Rouse & Grant* for Defendant, Appellee.

The opinion of the court was delivered by
MONROE, J.   This is a petitory action in which the plaintiff seeks to
recover a certain plantation situated in the parish of St. Charles, and
has appealed from a judgment maintaining a plea of estoppel inter-
posed on behalf of the defendants.

The facts disclosed in the record are as follows, to-wit:

In May, 1867, plaintiff's wife and her sister, Miss Fannie Hum-
phries, purchased the plantation in question at sheriff's sale, as evi-
dence whereof a deed was executed, which contained the recital:
" When P. M. Kenner being the highest and last bidder the said above
" and foregoing described property was adjudicated, for cash, to the
" said P. M. Kenner, as agent for Mrs. David Ella Humphries, wife of
" said P. M. Kenner, and Miss Frances A. Humphries", etc.

Thereafter, in a certain judicial proceeding, in which Duncan F.
Kenner was plaintiff and Mrs. David Ella Humphries, wife of P. M.
Kenner, and Miss Frances A. Humphries were defendants, the prop-
erty was sold to the plaintiff, Duncan F. Kenner, who, at a later date,
and by two separate acts, reconveyed the whole of it to Mrs. P. M.
Kenner, the latest of said acts referring to the vendee in the following
terms, to-wit: "Mrs. D. Ella Humphries, wife of lawful age of Philip

" M. Kenner　*　*　*　here present, authorizing and assisting his " said wife, here also present, accepting and purchasing with her sep- " arate and paraphernal funds, for herself, her heirs and assigns", etc.

Plaintiff's wife, being the owner of the entire plantation, sold a por- tion of it to Meyer Weill, and the remainder to Joseph, Charles and Daniel H. Weill, and the defendant acquired through *mesne* convey- ances from those vendees. In the sale thus made by her, the vendor appears as "Mrs. David Ella Humphries, the wife, separate in prop- erty, of Mr. Philip M. Kenner, and by her said husband, also present, duly authorized", etc.; and the act appears to be duly signed by both husband and wife.

These facts are not denied by the plaintiff, but he alleges, in sub- stance, that, under the law, the ownership of the property thus ac- quired in the name of his wife, vested in the community which existed between them at the date of its acquisition; that, as head and master of said community, he had the exclusive right to dispose of the same, and that he acted in ignorance and error in permitting and assisting his wife to mortgage and sell said property. And he further alleges that, should the court conclude that he was not in error, but that he knowingly permitted his wife to dispose of property belonging to the community, such permission must be regarded as in effect a donation *inter vivos,* and, as such, null and void, for the reason that it included all the property owned by him, was not in the form prescribed by law, and was a gratuitous donation of community property. He, therefore, prays to be decreed the owner of the entire property, and for judg- ment in the sum of $5,000 per annum as the rental value thereof.

To this, the defendant pleads that the plaintiff having concurred and assisted in the sale wherein his wife was represented as separate in property, and which was the joint act of both, is estopped to set up the claim now urged.

We are of opinion that the plea is well made.

In Joubert vs. Sampson, 49 Ann., 1006, this court said:

"It has been held that, where a husband joins and authorizes his " wife in the execution of a mortgage on her separate property, he " cannot afterwards, when the mortgage is sought to be enforced, set " up, by way of defence, that the property mortgaged was community " property, and his wife was without authority to encumber it. Hav- " ing signed the mortgage himself, he can not be permitted to deny or " gainsay his own solemn act. Stewart vs. Robinson, 23rd Ann. 83."

And to the same effect are the opinions in Kirkland vs. N. O. Gas Light & Banking Co., 1 Ann., 299; Stewart vs. Mix, Sheriff, 30 Ann., 1036; Brown vs. Stroud et als., 34 Ann., 374; Benton & Milliken vs. Sentell, 50 Ann., 869; Lavedan vs. Jenkins, 47 Ann., 725.

If it be true, as alleged, that the property thus acquired in the name of the wife and held out by the plaintiff to be her separate property, in reality belonged to the community, it was nevertheless competent for the husband, as the master of the community, to authorize the wife, in whose name it had been acquired, to sell it. And the sale having been made with his concurrence and assistance, and the price having been paid, by innocent purchasers, to the person designated by the husband to receive it, the latter can not be heard to set up ignorance of his legal rights, as a basis upon which to reacquire the property, to the prejudice of such purchasers.

"But, if by an error, or ignorance, of the law, one has done himself " a prejudice which can not be repaired without breaking in upon the " right of another, the error shall not be corrected, to the prejudice of " the latter."

1 Story Eq. Jur., Sec. 139 (note, citation from Domat). See also D'Aguesseau on Mistakes of Law (in Pothier on Obligations, Vol. 2, p. 350).

Judgment affirmed.