Stevenson vs. Short et al.

---

No. 13,360.

WILLIAM R. STEVENSON vs. H. W. SHORT AND W. C. N. BURTHE; T. L. BAYNE, THIRD OPPONENT.

SYLLABUS.

ON MOTION TO DISMISS THE APPEAL.

A devolutive appeal bond containing the condition "to satisfy the judgment which may be rendered" secures the costs and is not invalid. The appeal will not be dismissed on the ground that it is defective because it does not, in terms, refer to costs.

ON THE MERITS.

When notes are extinguished by payment in accordance with an understanding with the parties to the payment, a third person is bound by the agreement made to have the payment taken in extinguishment of the claim. The foregoing rule of law governs as relates to notes "A" and "B".

The note "C", transferable by mere delivery, was transferred by plaintiff to third
    opponent who secured the amount and delivered the note without receipting
    it or stipulating that the amount was received for its extinguishment.  He
    was a transferror of the note and of the mortgage with which it was identi-
    fied.  (Perkins vs. Liquidator, 49th Ann., 653.)  The vendor must explain
    the extent of his obligation.     (Heirs of Delogny vs. Mercer, 43rd Ann.,
    213.)   The third opponent is entitled to preference over the proceeds of the
    sale as relates to note "C".  (Salzman vs. Creditors, 2 R., 241.)

APPEAL from the Sixteenth Judicial District, Parish of Tangi-
pahoa.—*Reid, J.*

*Sentell & Davidson* and *Stephen D. Ellis* for Plaintiff, Appellee.

*Denegre, Blair & Denegre* for Third Opponent, Appellant.

The opinion of the court was delivered by

BREAUX, J.   The controversy is between the third opponent and
plaintiff, the latter claiming to be paid by preference out of the pro-
ceeds of the sale of property sold at the instance of plaintiff with claim
secured as to its payment by mortgage.

The following is a brief history of the case.   Plaintiff was the
vendor of the land to Anthony Hogan, for $6,750, for which the
vendee executed six promissory notes, secured by mortgage and
vendor's privilege, of one thousand dollars each, and one for seven
hundred and fifty dollars, maturing at different dates from October
3rd, 1895, to September 18th, 1897.   H. W. Short and W. C. N.
Burthe bought this land, and went into possession.   The first vendor,
Stevenson, brought suit, *via executiva*, to foreclose his mortgage on
the last four notes; the others, those first due, he alleged in his peti-
tion, had been paid.   An order of seizure and sale was issued, and
under it the property was seized and sold.   T. L. Bayne filed a third
opposition, claiming that he owned and had in his possession the
notes first due, three in number.   This opposition was met by plain-
tiff's answer containing a general denial and alleging payment of
the notes.   These were the issues before the District Court.

The judgment was for plaintiff, and from it the third opponent
prosecutes this appeal.

Stevenson vs. Short et al.

## On Motion to Dismiss the Appeal.

The facts are, as related to the motion to dismiss the appeal, that the devolutive appeal was applied for some time after the judgment had been rendered, and an order accordingly issued.   Under this order a bond was furnished, styled on its face a devolutive appeal bond, but its condition is to satisfy the judgment which may be rendered against the opponent, appellant, or "that the same shall be sat-" isfied by the proceeds of the sale of his real estate or personal prop-" erty, if he be cast in the appeal, otherwise the security to be held." The appellee, in support of his motion to dismiss, urges that this bond does not conform to Article 578 of the Code of Practice, as it does not cover the costs of the court *a qua*.   We have not found that the bond before us is totally defective.   The bond does not cover the costs of both courts.   It is made to respond to whatever judgment may be rendered against the appellant.   This necessarily embraces the costs of both courts in case judgment, on appeal, be rendered against the appellant.   "It must be given to secure the payment of costs both of the Supreme Court and the inferior court." (Rawle vs. Feltus, 33rd Ann., 421).   Judgment carries costs with it, and a bond furnished to meet a judgment necessarily includes the responsibility for the costs, which must follow the judgment and necessarily form a part of the judgment.

The motion to dismiss the appeal is denied.

## On the Merits.

Regarding the facts of this case, the third opponent, T. L. Bayne, testified, first, as to one of the series of notes identified by the letter "A," that he bought it from Lillie and Company, bankers at Hammond, La., and directed them to draw on him for the amount required for its purchase, with note in question attached to the check.   This witness, when recalled, corrected his statement as a witness, as given on first examination, by saying that he did not know whether he sent the dispatch to Short and Burthe, or to Lillie, and added that Mr. Lillie said it was to Short and Burthe, and he supposed that that was correct.   In that telegram he authorized the drawing of a draft on himself, provided the mortgage note marked "A" was attached to it, uncancelled and that the note was attached to the check, which he paid.

L. R. Lillie, on the other hand, as a witness for plaintiff, testified that he remembered distinctly paying this note to plaintiff; that the debtor, Hogan, and Short and Burthe, who were real estate agents, and as such were connected with the sale of the land made by Stevenson to defendant, Hogan, on which Stevenson held the mortgage, came to him at the maturity of his note and borrowed one thousand dollars, which they applied to its payment to the holder of the note, Stevenson; he had never before seen the notes; that after Hogan had borrowed the amount to pay Stevenson, the latter came, on the order of the former, and got from the witness the money he had loaned Hogan to pay the note.

With reference to the note identified by the letter "B," the witness, Bayne, in his own behalf, testified as a witness, that some time after he had bought the note "A," he bought note "B," also, from Lillie and Company, by payment to this firm of a draft for the amount necessary to take it up; while Lillie, a disinterested witness, testified that the amount, as to this note, was loaned by him to the debtor, and that by the debtor it was paid to plaintiff.

Now, as to the third note, identified by the letter "C," the facts are different. As to this note, bought personally from the plaintiff by the opponent, the facts are that plaintiff, Stevenson, called upon the opponent, Bayne, a short time after the maturity of the note and received from him the amount due on the note. It does not appear, by the testimony of plaintiff, that the question of payment was discussed at all. He received the amount, he said, and handed the note to Bayne, the opponent, which was made payable to the order of the maker, and by him endorsed, and, therefore, was transferable by mere delivery. Bayne, on the other hand, testified that he agreed to buy the note from Stevenson. The judgment rejected opponent's demand, and opponent prosecutes this appeal.

The evidence shows that the two notes, "A" and "B," were paid and extinguished. The third opponent was the lender of an amount to pay plaintiff. Such may not have been his intention, but the fact remains that, as to these notes, he was not a purchaser. The record shows that the amounts, which extinguished these notes, were paid by another who received them in payment and complete satisfaction of his claim, and that in the course of the business the amount paid by the third opponent was used in returning the amount to one by whom payment of plaintiff's claim had been made. The third opponent is

absolutely bound by the action of his *quasi* agent, Lillie. Plaintiff's debtor, and all others concerned at the time of the payment, treated it as a payment, and received the two notes as evidence that the amount had been paid. These parties having thus agreed with the plaintiff, and having, in accordance with the agreement, paid and extinguished these notes, there was an end of the claim in so far as related to these two notes on his property. By payment made, as stipulated, the notes had served the purpose for which they had been made, and plaintiff's property could not be subjected to a mortgage which had been absolutely paid by a third person. He, Stevenson, could not be considered, in view of his testimony as a vendor and transferror of notes, estopped by his own acts, for he was neither a vendor nor transferror, but one who received an amount in payment and extinguishment of his claim.

He did not consent to the continued existence of the claim, on the contrary, by insisting upon payment, intended that it should be completely discharged. This is also the meaning, as we take it, of the action of the parties who were present, and personally attended to the transaction as made. If the defendant allowed these notes, "A" and "B," to be reissued and to go again into circulation, they could not do so to the prejudice of plaintiff's rights, who had been paid his claim, and who had never transferred those rights, as made evident by his testimony. Payment by the maker cancels the instrument. The third opponent, in his negotiations for the notes "A" and "B," corresponded exclusively with the debtor, or his representative. (Parsons on Bills and Notes, Vol. 2, p. 220). This being our conclusion as to the notes "A" and "B," we pass to the note "C."

The title to this note presents a different question from the one from which we have just passed. Plaintiff handed it to the third opponent in person. He handed it to the third opponent without receipting it and without informing the transferee, Bayne, whether he intended the payment to be one extinguishing the debt, or one whereby he was to become the owner of the note itself as well as of the mortgage by which it was secured as its payment. The delivery, in conveyance, had the effect of transfering both the note and the mortgage.

It devolved upon plaintiff to notify the defendant in some way, so as to let him know that he, defendant, Bayne, was not to be the owner of this note. This he appears to have studiously avoided. "A vendor

is bound to explain himself as to the extent of his obligation." (Heirs of Delogny vs. Mercer, 43 Ann., 204). We have carefully read the evidence on this point, and have not found anything going to show that in thus paying plaintiff, and securing the note, the third opponent intended to make a loan to Hogan, the maker of the note, and plaintiff's debtor, or to any one else. One who receives the amount of his note, and then delivers it to the payer, is a transferror. The subject of payment, under similar circumstances as these, was considered in Perkins vs. Sheriff, 49th Ann., 653, and the court arrived at the conclusion that the payment was made with reference to the purchase of the notes, and that the purchase carried the mortgage with it. The court, in the cited case, said: "We have the testimony of the original holder, of his impression, the notes were purchased, naturally not very distinct, with reference to a transaction years ago conducted for him by an agent. We have the accounts of plaintiffs, factors of the maker, in which the notes are charged to him, the natural course, if they had been paid. The agents of the original holders, from whom the notes were received, are dead, but there is the positive testimony of the plaintiffs that the note was purchased and not paid (*the presumption, too, arising from the presentation of the notes by plaintiff*). 3rd Randolph on Commercial Paper, Sec. 1438. (Italics ours)."

The vendor, Stevenson, having negotiated this note, and having retained the last three notes, can not recover the proceeds in preference to his assignee. Barkdull vs. Herwig & Smith, 30th Ann., 618; Abney & Co. vs. Walmsley, 33 Ann., 589.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed in so far as it rejects the demand of the third opponent, T. L. Bayne, on the note "C," and it is further ordered, adjudged and decreed that plaintiff do have judgment for, and recover by preference, a sufficient amount to pay and satisfy the said note and interest, subject to such credits as were indorsed on said note as having been received by the holder at the time of the transfer. In other respects the judgment appealed from is affirmed, at appellee's cost. The costs of the lower court, arising on the opposition, are to be paid by plaintiff.

Rehearing refused.