(114 So. 90)

No. 28242.

## FRIDGE v. BANK OF BATON ROUGE.

July 11, 1927. Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

1. Banks and banking ⬤☞67—Purchaser bank held not liable for claim against seller, where it did not assume payment, and plaintiff was bound by sale contract.

Where bank which took over affairs of another bank agreed to assume all liabilities of seller bank to depositors, holders of bills payable as shown by books and to its stockholders, even assuming plaintiff had claim against seller bank for sums paid to it in error because he acquired nothing under transfer to him of claims against third persons, purchaser bank was not liable therefor because it did not assume payment, and plaintiff was party to sale contract and bound by terms thereof.

2. Contracts ⬤☞175(1)—Written contract is presumed to express intention and is law of case between parties.

A written contract is presumed to express intention of parties and is law of case between them.

3. Banks and banking ⬤☞67—Plaintiff as bank director signing contract transferring affairs of bank held estopped to deny contents and legal effect thereof.

Plaintiff, as director of seller bank, as a stockholder thereof and individually, having signed contract transferring affairs of bank to its purchaser, *held* estopped from denying either contents or legal effect of contract.

4. Banks and banking ⬤☞67—Plaintiff director having signed contract of sale of bank held to waive benefit of statute obligating purchaser for debts of seller bank (Act No. 193 of 1910, § 3; Rev. Civ. Code, art. 11).

In view of Rev. Civ. Code, art. 11, plaintiff as director of bank and as individual having signed contract of sale of affairs of bank and consenting to restricted liability of purchasing bank which assumed liabilities of seller bank to depositors, holders of bills payable, and to stockholders thereby waived benefit of Act No. 193 of 1910, § 3, authorizing sale of bank's assets and providing sale agreement shall contain provisions for liabilities of seller bank.

5. Equity ⬤☞7—Error or ignorance of law which cannot be repaired without breaking in on another's rights are not corrected to prejudice of latter.

If by error or ignorance of law one has done himself prejudice which cannot be repaired without breaking in on right of another, error shall not be corrected to prejudice of the latter.

Appeal from Nineteenth Judicial District Court, Parish of Baton Rouge; W. Carruth Jones, Judge.

Action by Dr. John R. Fridge against the Bank of Baton Rouge. From a judgment for defendant, plaintiff appeals. Affirmed.

Taylor, Porter, Loret & Brooks, of Baton Rouge, for appellant.

Laycock, Holcombe, Borron & Laycock, of Baton Rouge, for appellee.

LAND, J. On December 6, 1916, the Mercantile Bank of Baton Rouge purchased from the Capital City Bank of that city its going business and entire assets, assuming all deposits and all liabilities, except as to the stockholders of the selling bank.

At the time of the purchase, certain assets, separately listed as "Schedule A," were also taken over by the Mercantile Bank, at the price of $67,008.13, which was guaranteed in solido by Dr. Fridge, the plaintiff, Dr. J. A. Caruthers, A. Bauer, and A. A. Wren, shareholders and officers of the Capital City Bank.

On November 13, 1917, the Mercantile Bank, in pursuance of a resolution of the same date, accepted, as an amicable settlement and compromise, the proposition of Dr. Fridge and A. Bauer to release them from all further liability as guarantors of "Schedule A," upon payment to the bank of the sum of $27,500, three-fourths of this sum, or $20,625, to be paid by Dr. Fridge, and one-fourth, or $6,875, to be paid by Bauer.

March 12, 1918, Bauer paid the Mercantile Bank his part of the debt, and April 11, 1918, Dr. Fridge settled with the bank for the amount due by him.

April 23, 1918, the Mercantile Bank transferred to Dr. Fridge all of its rights and claims against Dr. Caruthers and A. A. Wren with full subrogation. It was held in Fridge v. Caruthers, 156 La. 746, 101 So. 128, that plaintiff acquired nothing by this transfer, as the rights and claims assigned had already been extinguished by the discharge which the Mercantile Bank had granted to Bauer, who was held to be one of the principal debtors in solido.

The present suit was instituted November 28, 1925, against the Bank of Baton Rouge, which had taken over the affairs of the Mercantile Bank on July 5, 1918.

In the agreement between the banks it is stipulated that:

"The Mercantile Bank agrees to transfer and deliver to the Bank of Baton Rouge all of its assets of every description, which the Bank of Baton Rouge understands are substantially the same as examined by its committee in March last, to liquidate its affairs and discontinue its banking business, using the best efforts of their officers and directors to control in favor of the Bank of Baton Rouge the deposits and patronage of said Mercantile Bank, and to give all of the patronage and business of the parties hereto to the said Bank of Baton Rouge.

"In consideration whereof, the Bank of Baton Rouge agrees to assume all of the liabilities of the Mercantile Bank to its depositors, the holders of bills payable as shown by its books, and to its stockholders, and to pay the net undivided profits as of June 18th, less accrued current expenses."

The other stipulations of this agreement are not important for the purposes of the present case.

[1] Let us assume that plaintiff paid the Mercantile Bank the sum of $20,625 in error, as he contends, because he acquired nothing under the transfer to him by said bank of its rights and claims against Caruthers and Wren. Yet we fail to see wherein the Bank of Baton Rouge can be held liable for this claim, for at least two reasons assigned by defendant bank:

(1) Because said bank has not assumed its payment.

(2) Because plaintiff is a party to the contract executed by the Mercantile Bank and the Bank of Baton Rouge July 5, 1918, and is bound by the terms of said contract.

[2] It is elementary that a written contract is presumed to express the intention of the parties, and is the law of the case between them. American Cigar Co. v. Fabacher, 156 La. 187, 100 So. 299; Succession of Bellande, 42 La. Ann. 241, 7 So. 535; R. C. C. art. 1945.

Plaintiff's claim is not that of a depositor, or of a stockholder of the Mercantile Bank, nor is plaintiff the holder of any bill payable "as shown by its books." Defendant bank has assumed no other liabilities of the Mercantile Bank, as clearly appears from the terms of its contract, which is one of limited liability.

[3] Plaintiff signed the contract between the two banks as a director of the Mercantile Bank, as a stockholder thereof, and individually. He is therefore estopped from denying either the contents or the legal effect of this contract. Having signed the contract of sale between the banks, providing for the assumption of certain liabilities only, plaintiff cannot be permitted now to deny or gainsay his own solemn act. Kenner v. Leon Godchaux Co., Limited, 52 La. Ann. 966, 27 So. 542; Stewart v. Robinson, 23 La. Ann. 83.

[4] It is contended by plaintiff, however, that the Bank of Baton Rouge, as the purchasing bank, became obligated for all of the debts of the Mercantile Bank, as the selling bank, under the provisions of section 3 of Act 193 of 1910. This section of the act authorizes the sale of the assets of one bank to another bank, and provides that the agreement for such sale shall contain provisions for the liabilities of the selling bank.

As no third person is attacking the contract of sale between the banks on any ground of alleged nullity, it becomes necessary for us to consider only the question whether plaintiff has or has not waived the benefit of this general protective provision of law by signing in his individual capacity a special contract of limited liability. We know of no inhibition of the law against plaintiff's making this contract with the Bank of Baton Rouge. Being a party to the contract of sale, and having consented to the restricted liability of the purchasing bank, plaintiff is necessarily bound by this contract as the particular law of this case, and must be held to have waived the benefit of the general protective provision contained in the act of 1910.

Individuals may renounce what the law has established in their favor, when the renunciation does not affect the rights of others and is not contrary to the public good. R. C. C. art. 11; Brownson v. Weeks, 47 La. Ann. 1050, 17 So. 489.

Even if the nullity of the contract between the banks could be invoked by third persons, it is clear that the effect of the rescission of the contract would not be to fix liability upon defendant bank for plaintiff's debt.

In the contract between these banks of December 6, 1916, plaintiff, as an active director of the Capital City Bank, and individually, guaranteed the Mercantile Bank, as the purchasing bank, against loss for any liabilities not disclosed by the selling bank. Plaintiff was an active director in the Mercantile Bank at the date of the sale of its assets to defendant bank, July 5, 1918, and, if the Mercantile Bank was indebted to him for any sum paid in error by him to that bank, he should have insisted upon defendant bank, as the purchasing bank, assuming the payment of the obligation in the sale effected between these banks.

The Bank of Baton Rouge is not shown to have had any knowledge of the antecedent transaction of plaintiff with the Mercantile Bank. Defendant bank in no manner bound itself, as the purchasing bank, for this debt.

[5] It is well settled that:

"If by an error or ignorance of the law one has done himself a prejudice which cannot be repaired without breaking in upon the right of another, the error shall not be corrected to the prejudice of the latter." Henderson v. Shaffer, 110 La. 481, 493, 34 So. 644, 648; Kenner v. Godchaux, 52 La. Ann. 967, 27 So. 542.

Judgment affirmed.

O'NIELL, C. J., concurs in the decree.