(122 App. Div. 590.)

BOHAN v. METROPOLITAN EXPRESS CO.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

MASTER AND SERVANT—INJURIES TO THIRD PERSONS—RELATION OF PARTIES.

An express company hired an automobile from another corporation for the purpose of delivering packages, and the former corporation employed the chauffeur, whose sole duty it was to operate the vehicle, he being accompanied by servant of the express company who delivered the packages. After the packages had been delivered the vehicle returned to the express company's office, where the chauffeur informed the person in charge that there was some trouble with the machinery, and the chauffeur then left in the vehicle, either to take it to the corporation's office or to go for his lunch, and on his way ran over plaintiff's intestate. *Held,* that the express company was not liable, as the chauffeur was not its servant at the time of the accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1210, 1213, 1215.]

Appeal from Trial Term.

Action by Charles Bohan, as administrator, etc., against the Metropolitan Express Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Arthur K. Wing, for appellant.
Terence J. McManus, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for the death of plaintiff's intestate alleged to have been caused by the negligence of the defendant. There is little or no dispute as to the material facts involved. The plaintiff's intestate, an infant about 14 months old, was being wheeled in a baby carriage along the easterly sidewalk on West End avenue between Sixty-Ninth and Seventieth streets in the city of New York, when an automobile express wagon, upon which appeared defendant's name, going in a southerly direction on West End avenue, turned to the east into Sixty-Ninth street. After it had turned into that street, instead of continuing in an easterly direction, it turned in a circle, and finally ran onto the sidewalk, and struck the carriage in which plaintiff's intestate was riding, and she was thrown out and killed. At the conclusion of the trial the jury rendered a verdict in favor of the plaintiff for $1,000, and from the judgment entered thereon, and from an order denying a motion for a new trial, defendant appeals.

The defendant hired from the New York Transportation Company, either by the month or day, just which does not clearly appear in the present case, electric vehicles for the purpose of delivering express packages. The transportation company employed the chauffeurs for these vehicles, whose sole duty was to operate them. They had nothing to do with the putting of the parcels into the vehicles, or of thereafter delivering them. After the packages were put into the vehicles a servant of the express company would go with the chauffeur and make the deliveries. The vehicle which caused the death of plaintiff's intestate was one of those thus hired. It was registered with the Secretary of the State of New York by the transportation company as owner. The chauffeur in charge was employed by the transportation company, wore one of its uniforms, and had upon his clothing one of its badges. On the morning of the accident the chauffeur went to the station of the transportation company at Forty-Ninth street and Eighth avenue and there took the vehicle to the office of the defendant at Broadway and Seventy-Ninth street. It was then loaded with express packages by the express company's servants, one of whom got onto the seat with the chauffeur and directed him where to go. After all of the packages had been delivered they returned to the express company's office, and the chauffeur then informed the person there in charge that there was some trouble with the vehicle; that the brake did not work right, and he thereupon started, leaving the servant of the express company at the office, either to go back to the transportation company's office to have the vehicle repaired, or else to go for his lunch, just which does not clearly appear, but the determination of that question, in view of the conclusion I have reached, is of no importance.

The question presented depends primarily for its determination upon whether at the time of the accident the chauffeur was a servant of the express company or of the transportation company. If a servant of the latter, obviously there can be no recovery against the defendant. Maximilian v. Mayor, 62 N. Y. 160, 20 Am. Rep. 468. The doctrine of respondeat superior, whereby the negligence of the servant may be imputed to the master, is based upon his right to select and discharge his servants and control and direct them while in his employ. This

doctrine, however, has recently been extended in certain instances to apply to cases where servants employed and paid by one person are engaged in the business of and under the direction and control of another, though he have no right of selection or power to discharge. It has been held in several cases that servants thus employed may become ad hoc the servants of the latter, and this even though he does not employ and cannot discharge them. Wyllie v. Palmer, 137 N. Y. 248, 33 N. E. 381, 19 L. R. A. 285; Higgins v. Western Union Tel. Co., 156 N. Y. 75, 50 N. E. 500, 66 Am. St. Rep. 537; Baldwin v. Abraham, 57 App. Div. 67, 67 N. Y. Supp. 1079, affirmed 171 N. Y. 677, 64 N. E. 1118; Howard v. Ludwig, 171 N. Y. 507, 64 N. E. 172. In Baldwin v. Abraham, supra, the defendants were proprietors of a large department store in Brooklyn, and were owners of several vans which they used throughout the year in delivering their goods to purchasers. These vans were found to be insufficient for the holiday trade, and they accordingly hired additional vans for the two weeks immediately preceding Christmas Day. Under the arrangement by which they hired the additional vans, the owners agreed to furnish for each van a driver and helper, and to be responsible for the delivery of the goods intrusted to them and for the prompt and safe return of collections of money made. The accident occurred by reason of the negligence of the driver of one of the vans, who was, at that time, actually engaged in delivering goods which had been intrusted to him. It was held that a verdict in favor of the plaintiff should be sustained; that it could not be said, as matter of law, that the driver of the van was not the servant of the defendants at the time the accident occurred. In Howard v. Ludwig, supra, the defendants were engaged in the furniture business in the city of New York, and had made an arrangement with an express company by which it furnished a truck, with horses and a driver, to make their Staten Island deliveries. What the terms of the arrangement were was a fact which was sharply contested at the trial. The court held that if, as claimed by defendants, the contract was that the express company was to deliver all the goods sold by the defendants on Staten Island each week, for $30, and to be responsible for the goods, if lost, then the defendants would not be liable. But if, instead thereof, as claimed by the plaintiff, the arrangement was that the defendants should pay $30 a week for the team, truck, and driver, and they took charge of the delivery of the goods, sending the team to Staten Island or around New York making deliveries, as the exigency of their business required, then the relation of master and servant was created between them, and the driver and they became liable for his negligent act, and that the testimony at the trial was such that it was necessary for the jury to determine what the terms of the agreement were; and it having found in favor of the plaintiff, the judgment should be affirmed.

In the present case, if the accident had actually occurred while the express packages were being delivered, it might be that the defendant would be liable under the rule laid down in the last two cases, but even then it might be doubtful, inasmuch as the chauffeur had nothing whatever to do with the handling of the goods of the defendant or making collections. All he did was to obey the directions as to where

he should take the vehicle. Lewis v. L. I. R. R. Co., 162 N. Y. 52, 56 N. E. 548; Johnson v. N. A. S. N. Co., 132 N. Y. 576, 30 N. E. 505. But, as we have already seen, at the time of the accident he had delivered all the packages for the defendant, and was not then engaged in doing any work for it. He was then either taking the vehicle to the transportation company's office to have it repaired, or else was engaged in his personal business, and in neither case can it be said that he was acting as the servant of the defendant or engaged in its business. The defendant did not own the vehicle, had no right to inspect it, or give directions as to repairs. Under such circumstances I know of no rule of law under which defendant can be held liable. When the chauffeur left the defendant's office for the purpose of going back to the transportion company's office to have the vehicle repaired, or to get his lunch, he ceased to be the servant of the express company, because he was not then engaged in doing its business, and for his negligence in operating the vehicle, while thus engaged, the express company is not liable.

There is another ground which calls for a reversal of the judgment. The complaint alleges that the accident happened, and the death of the intestate "was caused, by the negligence and carelessness of the defendant and its said agent (the chauffeur) in failing to properly operate and manage said motor vehicle." There is absolutely no evidence which shows, or tends to show, that the chauffeur was negligent in this respect. He had had several years' experience in operating electric vehicles, and no claim is made that he was incompetent. It does not appear that at the time the accident occurred the vehicle was being run at an unlawful rate of speed. According to the testimony of the chauffeur, which is uncontradicted, the accident occurred because the steering gear of the vehicle locked and the controller froze, and by reason of that fact he was unable either to change the direction of it or shut off the power until too late to prevent the accident, although he made every effort to do so. When he found that he could not shut off the power, he attempted to pull out the plug which gave the contact and to shut off the power in this way, but the plug was hot, and he could not get it out until after the accident had occurred. The direct and proximate cause of the accident, therefore, was the defect in the vehicle, and if this were due to any one's negligence, it was that of the transportation company, who alone was responsible for its condition, and not the defendant or the chauffeur. The chauffeur, as we have already seen, complained to the defendant of the condition of the vehicle, and was about to take it back for the purpose of having it repaired. It was owned by the transportation company, was furnished to the defendant for a specific purpose, and it had no authority to determine whether repairs should be made or to make repairs.

The judgment and order appealed from therefore must be reversed, and a new trial ordered, with costs to appellant to abide event.

INGRAHAM and SCOTT, JJ., concur. HOUGHTON, J., concurs on last ground only. PATTERSON, P. J., concurs in result.