(100 South. 299)

No. 26393.

## AMERICAN CIGAR CO. v. FABACHER et al.

### In re SAUR.

(April 30, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Contracts** ⊜⟞322(3) — **Defendant's negligence in selecting driver for plaintiff not shown.**

   Where defendant contracted to furnish plaintiff a wagon and an honest, sober driver to do hauling, and the wagon containing a quantity of plaintiff's cigars was stolen while the driver was at lunch, evidence *held* insufficient to show negligence or carelessness of defendant's manager in selecting the driver.

2. **Contracts** ⊜⟞190—**Master held not liable under contract to furnish an "honest" and "sober" driver, for loss of goods while in driver's care.**

   Where defendant agreed to furnish plaintiff a wagon and an "honest, sober driver" for hauling and a quantity of plaintiff's cigars was stolen together with the wagon while the

driver was at lunch, defendant was not liable under his contract when interpreted in view of Civ. Code, arts. 1945, 1946, 1963; an "honest" man being one who is fair and candid in dealing with others, and the word "sober" meaning moderate in, or abstinent from, the use of intoxicating liquors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Honest; Sober.]

Action by the American Cigar Company against Louis Fabacher, doing business as the Washington Transfer Company, in which by supplemental petition Louise Saur, widow of Louis Fabacher, was made a defendant. Judgment for Louise Saur was reversed by the Court of Appeal, Parish of Orleans, and she applies for certiorari or writ of review. Reversed, and judgment of the district court reinstated and affirmed.

Dart, Kernan & Dart, of New Orleans, for applicant.

Denegre, Leovy & Chaffe, of New Orleans (Jas. Hy. Bruns, of New Orleans, of counsel), for respondent.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

LAND, J. On November 13, 1919, the Washington Transfer Company, a business owned by Mrs. Louise Saur Fabacher, and managed by her late husband, Louis Fabacher, entered into a written contract of hiring with the American Cigar Company, which, at that date, was doing business in the city of New Orleans under the name of Seidenberg & Co., one of its branches. This contract reads as follows:

"New Orleans, November 13/19.
"The Washington Transfer Co., L. Fabacher, manager, agrees to furnish Seidenberg & Co. Branch an open spring wagon, good mule, and honest sober driver to do hauling in and out of said Seidenberg Branch during business hours for the sum of $30.00 per week payable weekly steady, and contract goes into effect Monday November 17/19 and expires May 17, 1920.
"Washington Transfer Co.,
"L. Fabacher,
"727 Washington Avenue."

Plaintiff company accepted this contract and did business under its terms. The present suit is for the recovery of the sum of $1,317.50, the value of four cases of cigars, each containing 5,000 cigars, which had been intrusted to the driver furnished plaintiff company by defendant transfer company; the wagon, mule, cigars, and driver's coat left by him in the wagon having been stolen by some third person while the driver was absent about 10 minutes at lunch at the Poydras market.

Plaintiff company's suit is based squarely upon the allegation:

"That said driver furnished to petitioner on March 4, 1920, was not an honest sober driver, and, in fact was a grossly negligent and careless driver, and said defendant, Louis Fabacher, breached his contract with petitioner, and was negligent and careless in employing and furnishing to your petitioner such a negligent and careless driver."

Louis Fabacher answered the petition, denying the allegations therein contained, and specially averring that the business of the Washington Transfer Company was conducted by him as manager, and is the separate and paraphernal property of his wife, Louise Saur. After answer filed, plaintiff company presented to the lower court an amended petition, especially pleading all of the allegations and facts set forth in the original petition, and averring that Mrs. Louise Saur Fabacher was and is interested in said transfer business, and that said Louis Fabacher was acting as her agent in making and signing the contract with petitioner sued upon, and praying for judgment in solido against both defendants.

[1] The uncontradicted testimony of Fabacher is to the effect that the driver furnished by the defendant transfer company to plaintiff company "was a good, honest, sober and reliable driver, and came with highest recommendations."

This testimony necessarily eliminates any question of liability for any alleged negli-

gence or carelessness on the part of Fabacher, as manager of defendant transfer company, in selecting and furnishing to plaintiff company the driver in question.

The transcript is barren of any testimony tending to show that the driver was dishonest, or that he was addicted to the use of liquor. On the contrary, it is shown that he was not implicated in any way with the theft of the cigars, that he was not charged with such theft, and that he had never been arrested for any crime or offense at any time. It is not disputed that the driver was sober at the time the cigars were stolen. Moreover, the driver continued to work for plaintiff company, after the loss of the cigars in question.

[2] The sole question, therefore, remaining for decision, is whether the warranty in the special contract between the parties that the driver to be furnished shall be "an honest, sober driver," includes liability for any negligent act of said driver, or liability for dishonest acts committed by third persons.

That such warranty is restricted by the express words of the agreement to the honesty of the driver furnished by defendant company is too plain for serious discussion.

This is not a case where a third person has been run over and injured through the negligent act of the driver in the operation of his wagon. The decisions cited by the Court of Appeal, therefore, have no application. Bohan v. Metropolitan Express Co., 122 App. Div. 590, 107 N. Y. Supp. 530; N. O. B. R. V. & M. R. Co. v. Norwood, 62 Miss. 565, 52 Am. Rep. 191.

These decisions are also not in point, for the further reason that they are based upon the general law of torts, while the plaintiff company in this particular case relies upon the breach of a special contract of hiring as grounds for recovery.

This contract was voluntarily sought by plaintiff company, and was accepted by it, of its own free will and accord. If the contract limits the liability of the defendant company, for any loss or damage to plaintiff company's goods, to acts of dishonesty and insobriety upon the part of the servant furnished by defendant company, such limitation is the result of mutual and voluntary covenant between the parties and not of compulsory agreement, as where a common carrier should decline to receive freight except under bills of lading stipulating against its acts of negligence in all cases. That the contract between the parties is one of limited liability is apparent from its plain and unambiguous terms.

The words of a contract are to be understood in their general and popular use. R. C. C. art. 1946.

An "honest" man is one who is fair and candid in dealing with others; true, just, upright, trustworthy. The antonyms of "honest" are "dishonest; deceitful; fraudulent; lying; unscrupulous; false." Funks & Wagnall's Stand. Dict.

The cigars were not lost either through the dishonesty, deceit, or fraud of the driver in question.

The word "sober," in its common and usual signification, means "moderate in or abstinent from the use of intoxicating liquors." Its synonyms are "abstemious; abstinent; temperate; unintoxicated." Its antonyms are "drunk; drunken; intemperate; intoxicated."

It is not pretended that the cigars were lost through the intoxication or drunkenness of the driver. The loss to plaintiff company has occurred through no lack or absence of any of the special qualities of the servant warranted in the contract of hiring.

It is not possible for this court to add liability for negligence, or liability for the dishonesty of third persons, to the contract between the parties, without making an agreement to which they have not consented.

A written contract is presumed to express the intention of the parties, and it is the law of the case between the parties. Ker v. Evershed, 41 La. Ann. 15, 6 South. 566; Succ. of Bellande, 42 La. Ann. 241, 7 South. 535; R. C. C. art. 1945.

The intent is to be determined by the words of the contract, when they are clear and explicit. R. C. C. art. 1945.

When the intent of the parties is evident and lawful, neither equity nor usage can be resorted to, in order to enlarge or restrain that intent, nor can any law operate to that effect, unless it be some provision, which the parties had no right to modify or renounce. R. C. C. art. 1963.

Defendant transfer company bound itself to furnish "an honest, sober driver," and complied with its contract. Plaintiff company must therefore bear the loss of the cigars stolen from it by a third person. Third persons, if injured by any careless or negligent act of a driver furnished by one person or company to another person or company, are no parties to the special agreement between the contracting parties, and their cause of action would necessarily arise ex delicto, and not ex contractu.

It would be founded upon the law of tort, and not upon the obligation to repair the injury arising from the law of contract.

The judgment of the Court of Appeal for the Parish of Orleans, reversing the judgment of the lower court dismissing the suit of plaintiff company, and awarding to said company the value of the cigars sued for, is in our opinion erroneous.

For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans is set aside and reversed, and the judgment of the civil district court of said parish, dismissing plaintiff's suit, is reinstated and affirmed, at the cost of plaintiff company.