LAND, J.
Plaintiff company has alleged in its petition substantially the following facts:'
That Langston, a brakeman in the employ of plaintiff, was injured while switching cars on the side track of defendant company’s mill near Slidell, La.,' by having his foot caught between defendant’s log ramps or skidways and some part of the locomotive, and that his leg was crushed and had to be amputated. That such injury to said Langston was caused solely by the negiect and dangerous proximity to the said track of the said ramps or skidways constructed by the defendant.
That when defendant company built its mill, it made a contract with plaintiff company for the construction of a switch track, into the mill, in which contract it agreed not to erect or allow to be erected any building, structure, or fixture of any kind in dangerous proximity to the railroad track, and agreed to protect, indemnify, and save- harmless the plaintiff company against loss, damage, and expense in consequence of injury to persons or property by reason of or growing out of the location of any such buildings, structures, or fixtures.
*39 That Langston sued plaintiff company in the circuit .court of Lawrence county, Miss., for $50,000 damages, and that the jury returned a verdict in his favor for $5,000.
That defendant company was notified of the pendency of said suit, the date fixed for the trial, and was furnished with a copy of the declaration, and called upon to defend said suit under its contract of indemnity, but refused to do so, denying and disclaiming all liability for the injury to Langston.
That plaintiff paid to Langston the amount of the judgment including attorneys fees and all costs, and then instituted the present suit in the district court of St. Tammany parish to recover the amount from defendant company under said judgment and contract of indemnity.
Plaintiff alleges in article 2 of its petition:
“That S. T. Alcus & Co., Limited, the defendant herein, is a corporation organized under the laws of the State of Louisiana, with its domicile in the city of New Orleans, and at times 'hereinafter stated was and now is carrying on the business of manufacturing box sides and shooks and veneer near the town of Slidell, in said parish, and operated and carried on its factory and principal place of biisiness and its office which had supervision of the matters and things hereinafter alleged, near the town of Slidell as id m the parish of St. Tammany, La.”
Defendant company filed an exception to the jurisdiction of the district court of the parish of St. Tammany, alleging that it is a corporation organized under the laws of the state of Louisiana with its domicile in the city of New jOrleahs, said state; that its principal place of business, its principal office, and its principal factory are all in the city of New Orleans; and that it is amenable only to the civil district court for the' parish,of Orleans, the court of its domicile.
■ The exception was tried on the face of the papers áhd overruled. An application for a writ of- prohibition was made to this court on May 2, 1919, with petition and exception to jurisdiction, and the ruling of the court annexed, and said application was refused without the assignmeht of any reasons by the court.
1. The petition shows upon its face “that the factory and the principal place of business and the office of defendant company, which had supervision of the matters and things alleged, were operated and carried on near\the town of Slidell in -the, parish of St. Tammany, La.”
This allegation is sufficient to vest the district court of the parish of St. Tammany with jurisdiction of plaintiff’s suit, which is based upon a contract of indemnity, as the ptoper venue of the suit was set forth in the-petition as required by the second clause of section 1, subsection 5, paragraph d, of Act 179 of 1918, which reads as follows:
“Where the corporation is engaged in business in more than one parish, the venue of the suit shall, at the option of the plaintiff, be in the parish where the cause of action arose or at the domicile of the corporation if the cause of action results from a trespass or an offense or quasi offense; but if the cause of action results from any other cause, the venue of the action shall he in the parish where is or was located ■ the particular office which has supervision of the transaction from which the cause of action arose, or at the domicile of the corporation at the option of the plaintiff.”
As the exception to the jurisdiction had to be disposed of priof to the trial of the merits, defendant should have submitted the evidence at the time of the trial of said exception. As the petition discloses upon its face that the parish of St. Tammany is the proper venue of plaintiff’s suit, and the trial judge acted upon the face of the papers in disposing of said exception, it was too late for defendant company to adduce testimony as to the venue, under the averments of its answer.
2. Defendant company also filed an exception of no cause or right of action to plaintiff’s petition. This exception is not discussed in either of the briefs of plaintiff or *41 defendant, and as the petition in this case apparently sets forth a cause and right of action, we are of the opinion that the exception was properly overruled by the district judge.
3. Defendant company admits the execution of the contract sued upon; also the construction of the ramps and skidways, but alleges that they were constructed with due care and were located at a safe, usual, and customary distance from said side track.
Defendant avers that the injuries suffered by S. D. Langston were caused solely and approximately by the negligence of the plaintiff and its employees and by the negligence of the said Langston, and that defendant is in no manner, under the facts, the law, or the terms of said contract, responsible therefor.
Defendant alleges that the contract imposed upon it by plaintiff company is contrary to public policy and to the laws of this state, and should be declared null and void.
Defendant admits that plaintiff advised it of the injury to Langston, and of his offer to compromise his claim against plaintiff, and that defendant denied any and all liability in the premises. Defendant also admits that plaintiff advised it as to the filing of the suit against plaintiff in the circuit court of Lawrence county, state of Mississippi, in August, 1918, that plaintiff furnished defendant with a copy of the'declaration, and requested defendant to defend said suit, and that defendant refused to do so, and disclaimed any and all liability for the injury.
Defendant avers that the verdict returned in said suit by the jury and the judgment rendered upon said verdict was by the consent of the parties, and without the introduction of any evidence, but merely for the purpose of effecting a compromise between the parties to the suit.
It is true that the operation of defendant company’s mill would be impracticable without switching facilities, and that it is the duty of a common carrier to furnish such facilities.'
We are dealing, however, in this case, not with general duties and obligations imposed upon plaintiff and defendant companies'under the laws of the state, as a matter of public policy, but with special duties and obli gations voluntarily created by the parties themselves under the stipulations of a written contract or agreement existing between them, and which necessarily constitutes the law of the case, made by the parties themselves, governing their respective rights ancj obligations.
No fraud or error of any kind is set up by defendant company as affecting the contract upon which plaintiff company has sued. No want of consideration is pleaded, and no special law of this state reprobating contracts of this character is cited or invoked by defendant company.
It is a primary obligation of plaintiff company as master to provide a safe place for its employees to work, and the evident purpose of the contract is that defendant company shall not be permitted to render the place, so provided by plaintiff for its employees, dangerous either to them or to the property of others, by the construction of ramps or skidways for loading or unloading logs, or other structures, in dangerous proximity to the side tracks used by defendant company at its mill.
Defendant company’s contention, in its final analysis, is, that although it can require plaintiff company, under the contract, to operate its cars upon these side tracks to defendant’s mill for its sole use and benefit, as special shipping facilities for its products, yet while availing itself of this privilege, it is contrary to public policy for plaintiff company to impose by the same contract any liability upon defendant company as to the exercise of its rights under the contract, by *43 the requirement that its structures shall not endanger the employees of -plaintiff, or the property of other persons, by their proximity to plaintiff company’s tracks.
This contention is evidently without merit, as it is the assumption of benefits by defendant company under the contract, which has been executed, and, at the same time, a denial of responsibility and a repudiation of the obligations of defendant company under the contract.
Plaintiff’s cause of action is not predicated upon the general*law of torts, as plaintiff bases its right to be indemnified in this case solely upon the contract of indemnity sued upon, and the action arises, therefore, not ex delicto, but ex contractu, and the respective rights and duties of the parties, as well as their liabilities, are governed exclusively by the terms of the contract existing between them. American Cigar Co. v. Fabacher, 156 La. 182, 100 So. 299.
 Defendant company’s defense in this case comes too late. ' The damages and expense of attorney’s fees and costs for. which plaintiff sues come clearly within the terms of the cohtract of indemnity. Defendant company was notified timely of the pendency of the action by Langston against plaintiff company in the circuit court of Lawrence county, Miss., and was given full and fair opportunity to defend the suit.
Defendant company is therefore concluded as to all questions determined therein which are material to a recovery against it. Fidelity & Deposit Co. v. Hardman et al., 132 La. 525, 61 So. 559.
The rule is thus stated in Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712, through White, J., as the organ of the court:
“As a deduction from the recognized right to recover over, it is settled that where one having such right is sued, the judgment rendered against him is conclusive upon the pex-son liable over, provided notice be given to the latter, and full opportunity be afforded him to defend the action.”
In the same opinion, the court cited the Oceanic Steam Navigation Company Case, 144 N. Y. 663, 39 N. E. 360, in which the rule is thus stated :
“It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense. If he then neglects or x’efuses to make any defense he may have, the judgment will hind Mm in the same way and to the same extent as if he had heen made a party to the record.”
A certified copy of the verdict and judgment in the suit of E. D. Langston v. New Orleans Great Northern Railroad Co., No. 6675 in the circuit court of Mississippi, is in the record in this case.
It is the judgment of a sister state to which full faith and credit must be given by the courts of this state under article 4 of the federal Constitution, and against which defendant company cannot set up the defenses made in this case, as they go to the merits of the original controversy, or might have been interposed in the original action. C. J. § 1580 (6) pp. 1111, 1112.
The charge in the amended answer that the judgment in the suit of Langston v. plaintiff company in the circuit court of Lawrence”" county, Miss., was rendered through collusion ■ between Langston and plaintiff company, who were aiding and assisting each other, for the sole purpose of illegally compensating Langston, and of unjustly fastening the liability on defendant company, is not sustained by any proof in the record in this case.
An examination of the declaration filed by Langston in the circuit court of Lawrence county, Miss., shows upon its face that it is alleged that the ramps or skidways constructed by defendant company were dangerously close to the side track, and “that *45 his right foot and leg were caught between one of said skids and a part of the ramps or skidways aforesaid and defendant’s train of cars, and crushed and mangled to such an extent that it was afterwards amputated.” Tr. 41, 42, 60.
The presiding judge of- the circuit court of Lawrence county, Miss, states in his depositions that the plaintiff, Langston, testified in the case, and that the jury returned a verdict. The clerk of the court did not remember that any testimony was adduced before the jury, but was not present during the entire time of the trial.
The presiding judge also states that none of the attorneys informed him as to any compromise in the case, but that it was his impression that the verdict was a compromise between the parties. ,.
Even if plaintiff company had settled the claim of Langston without suit, after defendant. company had refused to defend the same, and had denied all liability, said company could be held liable for a reasonable settlement of the claim by plaintiff in order to avoid the chances of a heavy verdict and the expense of a trial.
Butler Bros. v. American Fidelity Co., 120 Minn. 157, 139 N. W. 355, 44 L. R. A. (N. S.) 609; St. Louis Dressed Beef Co. v. Maryland Casualty Co., 201 U. S. 173, 26 S. Ct. 400, 50 L. Ed. 713.
Obviously, the payment of $5,000 by plaintiff company to Langston for the loss of a foot and a part of a leg was a reasonable settlement for the serious injuries received. It was the exercise of sound discretion and good judgment on the part of plaintiff company. Defendant company has received the benefit of such settlement in the reduction of its liability under its contract of indemnity.
We find nothing in the record to impugn the good faith of plaintiff company in making the compromise, which has been merged into a judgment, after evidence heard and verdict of the jury rendered.
It is therefore a final judgment, binding upon defendant company in this case.
Even if defendant company were not concluded by the judgment, we agree with the jury and. the trial judge that there is sufficient testimony on behalf of plaintiff company to show that the ramps or skidways constructed by the defendant company were dangerously close to the tracks at the time of the accident, the distance at the time being estimated at not more than 8 inches, and much less with wider cars.
Plaintiff company complained, before the accident, to the foreman of the Slidell mill of the dangerous proximity of these structures to the tracks, but the ends of the logs of the ramps were not cut off until after the accident.
The evidence in the case is conflicting. We feel safe, therefore, in accepting the finding of facts as made by the jury.and approved by the trial judge.
Judgment affirmed.