CHARLES WOOD, an Infant under the Age of Fourteen Years, by FRED WOOD, His Guardian ad Litem, Respondent, *v.* MARTIN SAUNDERS, Appellant.

Second Department, January 10, 1930.

Alfred B. Nathan [Benjamin Lifshitz and S. Howard Imbray with him on the brief], for the appellant.

Thomas J. Cuff [Milton Pinkus with him on the brief], for the respondent.

CARSWELL, J. The jury was warranted in finding the following happening: On July 12, 1926, one Hammer, accompanied by the infant plaintiff, drove his Dodge truck up to a gasoline pump in the defendant's gasoline filling station in Hempstead, for the purpose of having the gasoline tank of the car filled. Hammer stepped down from the truck and removed the cushion from the driver's seat, under which the gasoline tank was located. At this juncture, the infant plaintiff stood up on the front part of the truck, partly facing the rear of the truck, with the tank to his left. Defendant's employee Thorne came to the side of the truck nearest the pump, removed the cap from the tank and inserted the nozzle of the pump hose. Thorne returned to the pump, filled the glass container at the top thereof with the required amount of gasoline and then released the flow from the container into the tank on the car. Hammer was standing to the left of the truck, with his foot on the running board, writing out the ticket for the purchase. Thorne stepped from the pump back to the car and stood near the driver's seat, waiting for the tank to fill. While doing all these things in connection with his duties, Thorne, the defendant's employee, was smoking a cigarette or carrying it in his hand. Before the tank had filled, and while the gasoline was still flowing, Thorne flipped his lighted cigarette across the driver's seat, over the open tank. Sparks from the cigarette ignited the flowing gasoline or the fumes which arose therefrom. An explosion followed and flames shot upward from the tank. Thorne pulled out the nozzle in such a way that he splashed flaming gasoline on

the infant plaintiff, who in the meantime had moved away and turned his back toward the gas tank. The infant plaintiff, ablaze, was gotten off the truck and the flames enveloping him were extinguished by sand and otherwise. He suffered extremely painful injuries, for which he has recovered a verdict against the defendant.

The defendant, appellant, now claims that he was not responsible for Thorne's negligent act in flipping the lighted cigarette across the gasoline tank while it was being filled by Thorne as an employee of the defendant. He says that Thorne's smoking on such an occasion and his handling of the cigarette in connection with his smoking was a private activity and satisfaction of his personal desire to smoke; that these acts of Thorne were not within the scope of his employment by the defendant, which was to dispense gasoline to cars coming to the gasoline station.

It would serve no useful purpose to analyze all the cases cited by the defendant, appellant, many of which contain language favorable to his contention, especially when dissociated from its context or the facts with reference to which the language was used. The facts in a given case determine the aptness of a quotation therefrom to another case. A lean statement of principle suffices in one case while the same rule must needs be stated with more amplitude in another. The phrasing of the rule controlling herein has taken on varied forms because of the effect of the particular facts in different cases with reference to which it is stated. It is sufficient for our decision herein that we indicate the basis for our conclusion and the authorities relied upon for it.

The statement of principle invoked by defendant, appellant, quoted in *Hume* v. *Elder* (178 App. Div. 652, 654), is from Lord Halsbury's Laws of England (Vol. 20, p. 256): " Where the servant, in doing the act, was acting on his own behalf and for his own purposes, the master is not liable, even though the opportunity of doing the act arises out of, and is afforded by, the servant's employment."

The soundness, in the abstract, of the foregoing need not be challenged. Facts in concrete instances have required its restatement in no inconsistent terms but with greater amplitude by way of giving it a more humane and pointedly practical direction as a matter of justice than would a narrow view controlled solely by sheer logic. A pertinent illustration of such fuller statement of principle is given in *Jones* v. *Weigand* (134 App. Div. 644, 645), per MILLER, J.: " The master is liable only for acts done by the servant in the course of his employment as such, but mere disregard of instructions or deviation from the line of his duty does not relieve the master of responsibility. Wrongful acts are usually

in violation of orders or in deviation from the strict line of duty. *The test is whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions.*" (Italics ours.)

The foregoing determines the question herein in favor of the plaintiff, respondent.

In the case at bar there was no abandonment by the employee of the master's purposes and business while the employee was smoking and carrying the lighted cigarette. There was merely a combining by the employee, with the carrying out of the master's purposes, of an incidental and contemporaneous carrying out of the employee's private purposes. The latter, it may be assumed, was in violation of the defendant's orders, but under the circumstances it constituted a negligent act performed by the servant while doing the master's work in an irregular way, for which wrongful act the master should be required to respond to a third person suffering injuries thereby.

A case paralleling the facts herein which we deem in accordance with our conclusion is *Jefferson* v. *Derbyshire Farmers, Ltd.* (L. R. [1921] 2 K. B. 281; 13 A. L. R. 989). In the *Jefferson* case the defendants stored their truck in the plaintiff's garage. The defendants' employee, Booth, lighted a cigarette while transferring benzol from a drum into tins. Booth dropped a match on the floor, the benzol became ignited and the garage was destroyed. The defendants were held liable for the negligence of their employee, Booth, in the course of whose smoking a cigarette the garage was ignited. A contention similar to the one advanced by the defendant in the case at bar was rejected. The ground of the decision is contained in the concurring opinion of WARRINGTON, L. J., where it is said: " Have the defendants in this case taken reasonable care? Their servant Booth was employed to pour benzol from drums into tins. Pouring motor spirit from drums into tins is an operation involving danger from fire unless precautions are taken. There is no doubt or question that the fire was caused by the negligent act of Booth. It would have been a negligent act to smoke at all in the immediate neighborhood of the spirit. Still more was it a negligent act to light a match while the spirit was flowing from the drums. HORRIDGE, J., decided in favor of the defendants on this point on the ground that what the boy did in lighting and throwing away the match was not in the scope of his employment. In one sense it was not; he was not employed to light the match and throw it away; but that is not the way in which to approach the question. It was in the scope of his employment to fill the tin with motor spirit from the drum. That work required special precautions.

The act which caused the damage was an act done while he was engaged in this dangerous operation, and it was an improper act in the circumstances. That is to say, the boy was doing the work of his employers in an improper way and without taking reasonable precautions; and in that case the employers are liable. *Williams* v. *Jones* (3 Hurlst. & C. 602; 159 Eng. Reprint, 668) is distinguishable, because the making of a signboard is not in itself a dangerous operation demanding the exercise of any precautions. The act of the carpenter in lighting his pipe had no connection with the work he was engaged to perform. That act was no breach of any duty to exercise due care and caution in the work on which he was engaged, because the work on which he was engaged was not dangerous. But the work on which Booth in the present case was engaged was dangerous, and that makes all the difference."

The foregoing distinguishes, if it does not destroy, the earlier English case, decided by a divided court, which the defendant, appellant, invokes on this appeal (*Williams* v. *Jones*, 3 Hurlst. & C. 602; 159 Eng. Rep. 668). It is not necessary to accept the statement of doctrine therein as erecting the outermost limit or the sole ground of liability under the rule in all cases. It suffices for this case.

The holding in the case of *Steir* v. *London Guarantee & Accident Co., Ltd.* (227 App. Div. 37) does not impel to a different conclusion herein.

Accordingly, I recommend that the judgment be affirmed, with costs, for the foregoing reasons and under section 106 of the Civil Practice Act.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and CARSWELL, JJ.

Judgment unanimously affirmed, with costs.