MAX RICHTER, Respondent, v. MEROLA BROS., INC., Appellant.

First Department, February 15, 1935.

*Claude L. Gonnet* of counsel [*Samuel Weisman* with him on the brief; *Samuel Weisman*, attorney], for the appellant.

*Charles T. Insler* of counsel [*William I. Weiss*, attorney], for the respondent.

McAVOY, J. This action is brought by the plaintiff to recover for personal injuries alleged to have been sustained by him on December 22, 1932, on Lexington avenue near East One Hundred and Twenty-first street, New York, N. Y., when an ice truck,

driven by one Campanelli, skidded in the snow, struck plaintiff and severely injured him.

The truck involved in the accident was not owned by the defendant, and its driver was not in the defendant's general employ.

Liability is sought to be imposed upon the theory that the truck and its driver had been hired by the defendant and were, at the time of the accident, engaged in the defendant's business, namely, that of removing snow from the city streets.

On December 20, 1932, Vito Campanelli made application to the mayor's bureau of weights and measures for snow removal work. His truck was measured, and given serial number A-1256, and assigned to district 12, gang 7, the defendant's district. Campanelli's truck hauled snow on that day and the following day, December 21, 1932, as appears from detailed city records received in evidence.

The detailed snow record of the city for December 22, 1932 (the day of the accident), is in evidence, and, concededly, it fails to show that serial number A-1256 (Campanelli's truck) was engaged in snow removal work at any time on that day in gang 7, district 12.

The finding that Campanelli was actually engaged in the performance of defendant's work at the time of the accident is against the weight of the evidence.

There is nothing in this record to show that the defendant gave any directions whatever to Campanelli as to what he should do or where he should go. The actual performance of the snow removal work was directed by the loading and dumping foremen employed by the city of New York — not by the defendant's employees.

Since it is conceded that the defendant did not own the truck, the burden rested upon the plaintiff to rebut the presumption that the owner was in control, and to establish that control had shifted from the owner to the defendant as the hirer of the truck and chauffeur. A mere division of control between the owner and the defendant does not suffice. The plaintiff's burden was to prove that the owner had completely surrendered command of his truck to the defendant. This the plaintiff has failed to do.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.