## Cockerell *v.* Smith, Syndic.

The purchaser of a steamer who alleges that he has been evicted by order of a court of competent jurisdiction for debts secured by lien and privilege contracted by his vendor previous to the sale, cannot claim restitution of the portion of the price paid by him, nor retain the balance, where he had at his disposal adequate proof to repel the claims on which the alleged eviction was effected, but which was not heard solely because the only judge present, who had authority to grant an injunction applied for by the purchaser, had been counsel for one of the parties and would not act on the application, and where the vendor was not a party to the proceedings, nor notified of them. A vendor is not answerable, under his warranty, for a failure of justice resulting from such an accident. C. C. 2494.

In an action by one who has been evicted by a judgment of a court of competent jurisdiction, against his vendor, who was not a party to the suit, nor notified of it, the return made by the sheriff on the *fi. fa.*, under which the property was sold, is only *primâ facie* evidence of the facts of which the sheriff could lawfully make return.

Where a party does not produce the best evidence of which the nature of his case admits, nor accounts for its absence, it will be presumed that such evidence would not be favorable to his claims.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Benjamin* and *Micou,* for the appellant. *R. N.,* and *A. N. Ogden,* contrâ.

The judgment of the court was delivered by

Eustis, C. J. The questions to be determined in this case relate to the

1

COCKERELL  payment of the price of the steamer Mound City, which was sold in February,
*v.*        1844, in New Orleans, at the instance of *Smith,* the syndic of an insolvent's
SMITH.     estate, and purchased by *Cockerell,* the appellant. .

He charges that he was evicted from the possession of the steamer at St. Louis, by virtue of an order of a court of competent jurisdiction, for debts due on her by lien and privilege, and contracted by her owners previous to the sale; and that, by reason thereof, he is entitled to recover back so much of the price as he has paid, and is not bound to pay that portion of it which was on a credit.

I. It is shown by the evidence offered by this appellant, that there were at his disposal adequate proofs to repel the claims on which the alleged eviction was effected : the testimony of his counsel, Mr. *Blannerhasset,* is conclusive on this point. The matters of defence are well stated in a bill in chancery, sworn to by this appellant, in which an injunction was prayed for against the judicial proceedings under which the steamer was seized. These matters the witness, *Blannerhasset,* states he believes to be true, and gives the grounds of his belief, and his means of information, which carry great weight with them.

The injunction was not granted solely because the only judge present, who had authority to grant it, had been counsel for one of the parties, and would not act upon the application.

An accident, therefore, was the cause of no defence being made; and for this we do not hold the vendor to be answerable under his warranty. We understand that to make a vendor liable on his warranty, in case of eviction, it is incumbent on the purchaser to prove that it was occasioned by some lawful cause, which existed, or had its origin, previous to the sale. The vendor in this case was no party to the proceedings in Missouri, and was not notified of them. There was a failure of justice from mere chance. At the same time there was evidence on the spot which would have prevented the eviction, had it been heard judicially. Civil Code, art. 2494. Pothier, Contrat de Vente, § 94. 6 Martin N. S. 559.

The Roman Law has placed this principle beyond all controversy. Doctrina Pandectorum, by *Muhlenbruch,* § 399. Manual of the Roman Law, by *Mackeldey,* § 370.

Thus, we think, that, under the hypothesis that the relations of vendor and vendee exist between these parties, which is the most favorable one which can be presented for the appellant, *Cockerel,* the law is against him.

II. It must be understood that we do not decide that these relations, in their full extent, result from the judicial sale of this steamer, made at the instance of the syndic of the insolvent proprietor. On this subject we express no opinion.

From cases of this kind arise questions of extreme delicacy. Some of them involve principles of great importance in relation to the powers of our own courts, and the effect to be given to the judicial proceedings of other States. We conceive none of these questions arise in the case before us.

III. If there are any liens existing on a moveable previously to its sale by a syndic, our laws provide for their payment out of the proceeds of the thing sold.

If the debts in question were *bonâ fide* and privileged on the steamer, the creditors would preserve their privilege on the proceeds in the hands of the syndic.

Any person interested, paying those debts, would be subrogated to the rights of the creditors.

These matters have not been brought before us, and we have only to decide on the legal effect of the alleged eviction, under the circumstances presented to us in evidence.

IV. The fact of the eviction, as alleged in the petition, is far from being established to our satisfaction.

The only evidence of it to which our attention has been directed, is the returns of the sheriff, which, between the present parties are only *primâ facie* evidence of the facts of which the sheriff could lawfully make return.

The returns to the writs under which the sale is said to have been made are : "*Satisfied by sale of steam-boat Mound City, 4 June*, 1844. *William Milburn, Sheriff.*" This is the return on each writ, of which there are four for different amounts.

On two of them there are memoranda of the costs having been paid by the *defendant*, as he is called.

There is no written sale of the steamer in evidence. The appellant has given no account of the proceeds of the sale, nor of their amount, and we find the steamer still in his possession without any documentary evidence, which always accompanies the transfer of property of this description.

On the evidence which has been adduced, and on that which the party was bound to produce in a case of this kind, and which has not been produced, we are at liberty to form but one conclusion, which the law imposes on all those who seek relief in a court of justice, and who do not furnish the best evidence which the nature of the case admits of—which is, that this evidence would not be favorable to their claims.

In relation to the alleged rescue of the steamer at New Madrid, previous to the sale, it is sufficient to observe that in any action of the plaintiffs against the steamer or her owners, founded on the fact of the rescue, they would be thrown back upon their original cause of action, in the case in which the rescue took place. The bill in chancery, and the evidence of *Mr. Blannerhasset*, furnish abundant means of defence to such an action.

We find no want of formality in the protests and notices to the endorsers.

*Judgment affirmed.*