## No. 13,527.

### A. R. COSTA vs. JOSEPH YOCHIM.

#### SYLLABUS.

The master is liable to third persons for injury growing out of his employe's negligence. If he, the master, is not in fault, he may recover from his employe the damages which he has been made to pay, if the accident was caused by the negligence or carelessness of the employe while in the master's service.

The judgment against the master for damages is evidence against the servant who was notified and who was a witness in the case in which the master was condemned to pay damages.

The judgment rendered in the first case was correctly taken as the basis for the judgment in the case of the master against the servant.

IN RE Joseph Yochim Applying for *Certiorari*, or Writ of Review, to the Court of Appeal, Parish of Orleans, State of Louisiana.

*Robert J. Maloney* for Petitioner.

*Harry H. Hall* and *P. M. Milner* for Respondent.

The opinion of the court was delivered by

BREAUX, J. Defendant, Yochim, seeks to have a judgment of the Court of Appeal reversed which condemns him to pay to plaintiff the sum of two hundred and thirty dollars with legal interest and costs.

The defendant, it appears, was sued in the District Court by Costa for an amount which he, Costa, paid to M. A. Bassich, being the value of a mare. Prior to this suit, Costa had been sued by Bassich for the value of this mare which was killed while the defendant, Yochim, was driving Costa's wagon. In this suit, Bassich, alleging the careless-

ness and negligence of the driver, recovered judgment against the owner of the wagon thus negligently and heedlessly driven. This judgment was paid by Costa, who, afterwards, sued the relator, Yochim, who was his driver at the time.

Defendant in the suit before the District Court, also here, avers that before that court, in the case of Costa vs. Yochim, he (Costa) pleaded the exception of no cause of action, and that he also interposed the plea of estoppel for the reason that in the answer filed by Costa in the suit by Bassich, he (Costa) especially denied that he, his drivers, or employees, had been guilty of negligence or carelessness.

It appears that the plaintiff in the case against Yochim, offered the decree in suit No. 51,006 in evidence. The court admitted this record to prove *rem ipsam*.

To the ruling of the court thus limiting the effect of the evidence, the plaintiff reserved a bill of exception. The District Court gave judgment against the defendant as prayed for, and the Court of Appeal affirmed the judgment of the District Court.

This court has several times decided that judgment will not be annulled in proceedings on review, under Article 101 of the Constitution, unless it be quite evident that the court to which the writ is addressed has fallen into manifest error of law or fact.

With reference to the estoppel pleaded by defendant in the District Court and in the Court of Appeal, which is also urged here, the facts are, as relates to the proceedings, that defendant, Costa, in the first suit of Bassich vs. Costa, alleged that the defendant, Yochim, the defendant here, who was the driver of his (Costa's) wagon at the time of the accident, had not been negligent or careless.

In the second suit, that is the suit of Costa vs. Yochim, plaintiff changed his allegations and averred, as found by the judgment against him, that Yochim was the only one at fault, and was entirely responsible for the injury occasioned by the accident; and that, therefore, he owed to him, Costa, the amount he had been condemned to pay to Bassich. The allegations in the Bassich case did not operate as a conclusive estoppel as between Costa and Yochim. Defendant, Costa, in that suit could not set up other defences. Had he failed to defend himself as he did and to plead that Yochim, the driver, was not guilty of negligence, then the latter would have had serious cause of which to complain. He, defendant, Costa, in the interest of the driver as well as his own, made the defence which the facts, as reported by the driver, justified.

After it conclusively appeared that Yochim had been negligent and careless and his employer had been compelled to pay for the property destroyed, he had a right to bring an action and to recover on allegations setting forth the true facts. Watkins vs. Athon, 33rd Ann. 1194.

Defendant, Yochim's, most serious complaint is that the District Court and the Court of Appeal have given conclusive effect to the judgment rendered in Bassich vs. Costa, No. 51,006.

There does not seem to be any question but that the whole complaint in the first suit, Bassich vs. Costa, was directed against Yochim's careless and negligent driving as having caused the accident. He was present during the trial and was defendant's witness. He could not properly take the position in the subsequent suit, that he was not notified of the first case of Bassich vs. Costa. He was virtually a party to the proceedings. He, as relates to the act of negligence, was really the only one concerned. He, in substance, admitted in the first or Bassich case that he alone was driving Costa's wagon at the time of the accident. The judgment of the court could have been based upon no other ground than that Costa was liable because of the negligence and carelessness of the driver. In the second suit he testified, again denying negligence on his part. But the fact remains that he had been found negligent, and while the judgment in question was not conclusive evidence of negligence, it was evidence to which it was proper to give some weight.

When a judgment rendered by a court of competent jurisdiction is not attacked as fraudulent, and no error is made to appear, it is binding on the employee who was notified, and was a witness, and whose negligence was the only cause of damage which was found against his employer who was made to pay the amount. It devolved upon the *employee,* the *onus* was with him, to show wherein the judgment was in any particular erroneous. This he has failed to do.

"Persons notified of the pending of a suit in which they are directly interested must exercise reasonable diligence in protecting their interests, and if, instead of doing so, they wilfully shut their eyes to the means of knowledge which they know are at hand to enable them to act efficiently, they cannot, subsequently, be allowed to turn around and evade the consequences which their own conduct and negligence have superinduced." Robbins vs. Chicago City, 4 Wall. 674. "While the

master is liable to third persons for injury arising from his servant's negligence within the scope of his employment, if the master is free from fault as to the negligence in question, he may have his remedy against his servant for damages to which he is thereby subjected and the measure of damages in such case is the amount of the recovery against the master. 5 T. & C. N. Y. 143; 4 T. R. 389; 6 M. & G. 165."

The applicant, Yochim, for this writ, is bound by the judgment in question, unless error is shown.

The binding effect of the judgment was not changed by his (Yochim's) testimony, that he had not been negligent. That was the extent of the testimony. The testimony was the same as in the first case.

It is, therefore, ordered, adjudged and decreed that our order *nisi* directing the plaintiff, Costa, to show cause why we should not exercise the authority vested in the court by Article 101 of the Constitution, is recalled and annulled, and it is further ordered, adjudged and decreed that relator's demand be rejected.