————o————

No. 3329.

(Court of Appeal, Parish of Orleans.)

CHARLES B. FEE vs. AMERICAN SURETY COMPANY.

1. Where a person, not technically a party to a suit, is interested in it and is notified of its pendency, the judgment therein ren-

dered, unless shown to be fraudulent or erroneous, must be given some weight, when invoked in part as the basis of a judgment against such person.

2. Such a judgment is of some value in the appreciation of the testimony which is offered in corroboration of its correctness, as well as that offered to attack it.

3. The issues of fact herein are resolved in favor of the plaintiff.

Appeal from Civil District Court, Division E.

W. S. Parkerson, for Plaintiff and Appellee.

W. B. Spencer, for Defendant and Appellant.

DUFOUR, J.   The plaintiff bought from one Fahey, notary public, a note purporting to be signed by one Grubbs and secured by mortgage executed before Fahey on the latter's assurance that the note and mortgage were genuine.

In 1898, a suit brought by plaintiff was met with the defence that the signature to note and mortgage were forgeries.

Upon the filing of this answer, Fee immediately notified Pescud, the local agent of the defendant which was the surety on Fahey's official bond, and he referred them to his attorneys who, after consultation with Pescud, declined to have anything to do with the suit.

There was judgment decreeing the note and mortgage to be forgeries, and the present suit seeks to recover from the notary's surety, the amount of the mortgage note, alleged to have been falsely uttered by him in violation of his official duty.

When that judgment was offered in evidence in the present suit, objection was made, and the Court's ruling admitted it, to prove *rem ipsam only*.

The grounds for reversal urged here by defendant and appellant are substantially:

1st.   That the judgment is without legal effect against defendant and should have been excluded.

2nd.   That the presumption of official rectitude and of the verity of an authentic act requires strong evidence for its rebuttal.

3rd.   That the testimony is not sufficient to prove the forgery.

I.

We do not find it necessary to minutely examine the wealth of authority furnished us by the exhaustive research of able counsel, as a guide for our action is to be found in our own reports.

In Costa vs. Yochim, 104 La. 170, on writ of review in a case

113

arising in this Court, the Supreme Court adopted the view that, under certain circumstances, a person might be affected by a judgment in a suit to which he was not technically a party.

Where such person is interested in a pending suit and is notified of its pendence, the judgment may be invoked, not as conclusively but as presumptively binding, and effect must be given to its *prima facie* showing unless it be shown that it is fraudulent and erroneous. In the instant case, the appellant was interested in preventing a judicial declaration of forgery which would fix liability upon it for the notary's misconduct, and though notified of the defence, it refused to participate in the proceedings. The judgment must be given some weight, at least in appreciating the testimony which was offered in corroboration of its correctness, as well as that offered to attack it.

2.

The presumption that the notary did his duty is weakened by the proof that he was an expert at counterfeiting handwriting, and had on several occasions forged the signatures of various parties. The act itself is not authentic, it being signed by the alleged mortgagor and mortgagee *and one* witness only. Hence, it cannot plausibly be claimed that it requires exceptionally strong proof under the circumstances disclosed to establish the defence of forgery.

3.

McGinnis swears first that the act was signed by Grubbs in his presence at Fahey's house, and next that he did not know whether it was at his house or his office. He frequently signed such acts as a witness, and does not assign any particular reason why he remembers Grubbs signing this particular act, yet he confesses ignorance as to his signature and that of others in other acts he witnessed.

Mrs. Fahey, the notary's wife, after stating that she only saw Grubbs sign once and a document and that she did not know its character, says she saw Grubbs sign the mortgage act at her house and that Pearson was not present.

Pearson first says that Grubbs signed the act, but subsequently that the signatures are not genuine; he was the only witness not appearing in open Court. Fahey died before the case came to trial.

Grubbs is positive in his declaration that the signatures are forgeries, and the trial judge evidently believed him. His conclusion in a matter of credibility must be weighty with us.

The numerous acts and documents in the record are useless for the test by comparison of handwriting, as it is admitted by all parties that Grubbs had several ways of signing and writing.

114

A careful examination of the record warrants us in not disturbing the conclusion coming, as it does, with the sanction of two district judges, that the signatures to the note and act of mortgage are forgeries.

Judgment affirmed.

Filed February 8th, 1904.