(55 South. 743.)

No. 18,802.

BAIN v. ARTHUR et al.

In re FIDELITY & DEPOSIT CO. OF MARYLAND.

(June 5, 1911. Rehearing Denied June 27, 1911.)

*(Syllabus by the Court.)*

PRINCIPAL AND SURETY (§ 175*)—INDEMNITY —CONTRACT OF "INDEMNITY"—CONSTRUCTION —"PERSONAL WARRANTY."

The contract of indemnity is an original undertaking to make good a future loss or damage, and no action lies on such a contract until after the loss or damage has been sustained. In such a contract there is no obligation to pay a debt due to a third person, and therefore there is no personal warranty as defined in Code Prac. art. 379.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 505–509; Dec. Dig. § 175.*

For other definitions, see Words and Phrases, vol. 4, pp. 3539, 3540; vol. 6, p. 5366.]

Action by H. H. Bain against John Arthur and others. W. E. Hamilton and others were called in warranty. Judgment for plaintiff. Exception by warrantors to no cause of action sustained, and the surety company appealed. From the judgment of the Court of Appeals, affirming both judgments, the surety company applies for certiorari or writ of review. Affirmed.

D. T. Land, for applicant Fidelity & Deposit Co. of Maryland. Slattery & Slattery, for appellee.

LAND, J. Plaintiff sued as materialman to recover $592 of the defendant John Arthur, as contractor for the erection of a public schoolhouse and the Deposit Company of Maryland as surety on the contractor's bond to secure the claims of laborers and materialmen.

The contractor made no defense. The surety company for answer admitted the execution of the bond, but otherwise denied the allegations of the petition, and pleaded the prescription of 45 days, provided by section 4, Act No. 65, p. 79, of 1908, which commences to run from and after the completion of the work. The surety company also filed a call in warranty against W. E. Hamilton, C. C. Hardman, and Mack Wellman on a written contract by which it is alleged they had bound themselves in solido to hold said company harmless against all suits, claims, demands, costs, and attorney fees arising from or growing out of the signing of said contractor's bond by said company. The surety prayed for judgment against said alleged warrantors for $50 attorney fees, and also for judgment over against them for any amount said company should be condemned to pay to the plaintiff. The parties so called in warranty filed an exception of no cause of action. This exception was sustained and the call in warranty was dismissed. The surety company thereupon appealed to the Court of Appeals.

The main demand was tried, and there was judgment rendered in favor of the plaintiff, overruling the plea of prescription, and condemning the defendants in solido to pay the amount sued for, with interest and costs. Thereupon the surety company appealed to the Court of Appeals. The Court of Appeals affirmed both judgments, and the case is before us on a writ of review.

The surety company assigns as error the overruling of the plea of prescription of 45 days. This issue presents merely a question of fact, and there is only one day's difference between the contentions of the respective parties as to the date of the completion of the building. The burden of proof was on the relator, and we find no manifest er-

ror in the finding of facts by the courts below.

The surety company further assigns as error the affirmation by the Court of Appeals of the judgment dismissing the call in warranty.

The Court of Appeals held in effect that the contract relied on by the surety company was not a contract of personal warranty, but one of indemnity, and that the surety company had no cause of action on said contract until it had sustained a loss, finally incurred an expense, or been condemned.

Hamilton and his co-obligors bound themselves "to hold and keep harmless the company from and against any and all loss, damages, costs, counsel fees, charges, and expenses of whatever nature or kind which the company shall, or may at any time, incur, sustain, or be put to, for or by reason or in consequence of the company having given and executed said bond." The contract further recites that it shall be liberally construed so as to fully protect and indemnify the company.

A contract of indemnity is not one to pay as in case of suretyship, but one to make good a future loss or damage. It seems to be well settled that the loss or damage must be incurred before the party indemnified is entitled to recover. 22 Cyc. verb. "Indemnity," p. 79 et seq. In the contract in question there is no obligation to pay the whole or a part of a debt due by another to a third person, and therefore there is no personal warranty in the sense of article 379 of the Code of Practice.

The promise in an indemnity contract is an original, and not a collateral, undertaking. 22 Cyc. 80. The remedy of the indemnitee who has paid or incurred expense is by direct action against the indemnitor.

The judgment of the Court of Appeals is therefore affirmed.