LAND, J.
This suit is a sequel to that of Bain v. Arthur et al., reported in 129 La. 143, 55 South. 743, in which the judgment of the Court of Appeal against the Fidelity & Deposit Company of Maryland, as surety for Arthur, contractor, was affirmed. In that case the company called in warranty C. C. Hardman, W. E. Hamilton, and Mack Well-man, as sureties on an indemnity bond. The said indemnitors excepted that the call was premature because no loss or damages had been incurred. This exception was sustained, and the indemnitors dismissed from the suit. On the trial of the case on the merits judgment was rendered against the company for the amount sued for with interest and costs. The Court of Appeal affirmed the judgment, and the decree of the Court of Appeal was affirmed by the Supreme Court.
Subsequently the Fidelity & Deposit Company of Maryland (hereinafter called the Fidelity Company) sued C. C. Hardman, W. E. Hamilton, and Mack Wellman, as indemnitors, to recover the amount of the said judgment, with interest, costs, and attorney’s fees, and also costs and attorney’s fees in a similar litigation decided in favor of the Fidelity Company. Defendants for answer, after pleading the general issue, admitted that they were parties to the indemnity contract, but denied liability on the ground that the claim of W. H. Bain against John Arthur was prescribed at the date of the institution of the suit of Bain v. Arthur et al., supra. Whereupon the Fidelity Company pleaded the judgment in the Bain suit as res judicata, and further that the defendants were estopped by their failure and refusal *528 to contest the claim of the said Bain in said litigation.
The case was tried, evidence adduced on the merits, and judgment was rendered in favor of the Fidelity Company and against the défendant in solido as prayed for, and the latter appealed to the Court of Appeal, which affirmed the judgment.
The Fidelity Company became the surety of John Arthur, a contractor, for the construction of a public schoolhouse at Winnfield, La.; and Hardman, Hamilton, and Wellman signed a contract of indemnity by which they bound themselves in solido to hold and keep harmless the Fidelity Company from and against any and all loss, damages, counsel fees, charges, and expenses of whatever nature and kind, which the said company should or might incur, sustain, or be .put to, for or by reason or in consequence of the company having become surety on said contractor’s bond, or in prosecuting or defending any action, suit, or other proceeding, which might be commenced or prosecuted against said contractor, or against said company upon the said bond.
The Fidelity Company defeated the suit of John B. Heard, claiming to be a material-man. The Fidelity Company unsuccessfully defended the Bain suit, and paid the judgment therein rendered, principal, interest, and costs, and also paid or incurred attorney’s fees in both suits.
The Court of Appeal held that the judgment in the Bain suit was conclusive against the three defendants herein, who had notice and full opportunity to defend, and cited a number of authorities to sustain its ruling.
The relators thereupon applied to this court for a writ of review, which was granted.
The relators complain that the Court of Appeal erred in maintaining the plea of res judicata, because the relators were not and could not have been made parties to the suit, as is shown by the decision of the Supreme Court in the case of Bain v. Arthur et al.. supra; and that res judicata does not apply unless the demand be between the same parties, and formed by them against each other in the same qualities.
The Fidelity Company not only pleaded res judicata, but also estoppel by the terms of the contract of indemnity, by notice of the Bain suit, and opportunity to contest his claim, and by the participation of defendants in the proceedings. The Court of Appeal said:
“It is a plain proposition that as defendants were bound to pay any judgment that might be rendered against the present plaintiff in the Bain and Arthur suit, as they were notified of the suit and really asked to defend the suits as warrantors, and two of them were witnesses in the suit and were represented by counsel, said judgment should be conclusive on them. When sued in the suit, the time for them to have spoken was when this suit was on trial, and it is now too late for them to contest the judgment. By their silence they have lost their opportunity. They were directly interested with defendant company in that suit and had full opportunity to make any defenses that they had at that time.”
In the Bain suit the defense was the prescription of 45 days provided by section 4, Act No. 65, p. 79, of 190S, which commences to run from and after the completion of the work. The issue presented a question of fact, as to the date of the completion of the building, and the district court and the Court of Appeal held that the Bain suit had been instituted within the limitation of 45 days, and the judgment was affirmed by the Supreme Court. 123 La. 143, 55 South. 743.
In the present action the defendants in the district court denied liability for the reasons:
“First. Because the claim sued upon by H. H. Bain v. John Arthur for whom said indemnity was given was prescribed at the date of the institution of the suit.
“Second. Because the building was completed in July, 1909, and accepted about July 3, 1909.”
The judgment of the district court was rendered on the merits of the case. The judgment of the Court of Appeal seems to *530 have been based on the plea of estoppel and evidence showing that plaintiff had paid the Bain judgment, with interest and costs, and had paid or incurred other costs and fees in that and another suit.
The relators were not technically parties to the Bain judgment, as they were dismissed on their own exception. But being interested in the result, they might have intervened in said suit and joined the defendants. Counsel for the Fidelity Company testified as follows:
“I, as attorney of the Fidelity & Deposit Company in the Bain Case, requested the attorneys for Hardman, Wellman, and Hamilton, the defendants in this suit, to assist me in defending the Bain Case, and I remember that Mr. Jack, the attorney for Mr. Hardman, and Mr. Lichtenstein, attorney for Mr. Wellman, examined some of the witnesses in the Bain Case at the trial.”
The same counsel further testified as follows :
“I was present during the trial of that case, and Wellman and Hardman, defendants in that suit, were present as witnesses and testified in that case on the only point in the case which was the question of prescription, and were represented by counsel in that case.”
Counsel for Mr. Wellman testified as follows :
“I appeared representing Mack Wellman, one of the indemnitors; but my appearance was solely to assist Mr. Land in the matter. Of course, I felt this way about it, that ultimately they would bring suit against the indemnitors. I was there to protect Mr. Wellman’s interest as far as I could by assisting Mr. Land.”
On the trial of the case in the district court, the defendants offered to prove by two absent witnesses, John Arthur and Alex E. .Harris, that the building referred to in the Bain suit was accepted by the proper authorities on July 3, 1909, and that whatever work thereon was done or performed by said Arthur after .that date was for extras, and not covered by the defendant’s bond of indemnity. It was admitted 'by the plaintiff that the witnesses, if present, would have so testified.
Arthur testified in the Bain suit that the building was not accepted until September 1, 1909, and that work of various kinds was done by Bain and others after July 3, 1909. Harris testified that the job for painting was finished on June 29, 1909; and that he then left Winnboro and did not return. In the Bain Case, the district court overruled the plea of prescription filed by the defendants, and rendered judgment in favor of the plaintiff. This judgment was affirmed by the Court of Appeal and by the Supreme Court.
In the instant case the defendants raise the same issue of prescription, and. seek to have the Bain Case tried de novo.
The loss and damages sustained, and expenses incurred, by the Fidelity Company by reason of the Bain suit, come squarely within the terms of the contract of indemnity. It is well settled in other jurisdictions that:
“One who is notified of the pendency of an action and is given an opportunity to defend is concluded as to all questions determined therein which are material to a recovery against him, in an action of indemnity brought by the defendant in the original suit.” 22 Cyc. 106.
In Washington Gas Co. v. Dist. of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712, the court through White, J., said:
“As a deduction from the right to recover over, it is settled that, where one having such right is sued, the judgment rendered against him is conclusive upon the person liable, provided notice be given to the latter, and full opportunity be afforded him to defend the action.”
In the same opinion the court cited the Oceanic Steam Navigation Co. Case, 144 N. Y. 663, 665, 39 N. E. 360, 361, in which the rule is thus stated:
“It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may. have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record.”
*532 In Costa v. Jochim, 104 La. 170, 28 South. 992, judgment was rendered against the master for damages for an injury caused by the negligence of his servant, and the master, having paid the judgment, sued the servant to recover the amount so paid. The court held that the judgment, not attacked as fraudulent or shown to be erroneous, was binding on the employs. In that case the court cited Robbins v. Chicago City, 4 Wall. 674, 18 L. Ed. 427, as follows:
“Persons notified of the pending of a suit in which they are directly interested must exercise reasonable diligence in protecting their interest, and if, instead of doing so, they willfully shut their eyes to the means of knowledge which they know are a,t hand to enable them to act efficiently, they cannot subsequently be allowed to turn around and evade the consequences which their own conduct and negligence have superinduced.”
The case at bar is much stronger, as the defendants actually appeared and assisted in the defense of the Bain suit, and two of_ them testified therein.
In the analogous case of warranty in sales, the vendor is concluded if notified of the pendency of the suit. In the absence of notification, the warranty is lost, provided the vendor shall show that he possessed proofs, which would have occasioned the rejection of the demand, and which have not been employed, because he was not summoned in time. Civil Code, arts. 2517, 2518. Eviction without notification is only prima facie evidence. Cockerell v. Smith, 1 La. Ann. 1. “Proofs” means new facts put on record, or a peremptory exception which, if presented to the court, would have produced a different result. The warrantor cannot object to an error in the judgment. Rivas v. Hunstock, 2 Rob. 187.
Defendants tried this cause on the false theory that the judgment in the Bain Case was not even prima facie evidence against them.
Having been notified and called in to assist in the defense of the Bain suit, we are of opinion that the defendants herein were concluded by judgment. Even if not so concluded, defendants have not proven new facts which would have produced a different result.
The judgment of the Court of Appeal is affirmed.