No. 3137

Second Circuit

COMMERCIAL CREDIT COMPANY, INC. v. GATLIN-McDONALD MOTOR COMPANY

(December 21, 1927. Opinion and Decree)

*(Syllabus by the Court)*

1. Louisiana Digest—Bills and Notes—Par. 141, 142.

The transferror of a promissory note without warranty warrants that all prior parties thereto had capacity to contract.

Negotiable Instruments Law (Act No. 64 of 1904), Section 65, Subsection 3.

2. Louisiana Digest — Indemnity — Par. 5; Estoppel—Par. 42, 46, 52.

Where the transferee of a promissory note without warranty sues the maker who interposes the plea of minority and the transferee timely notifies the transferror in writing of such defense and invites his aid in defeating the plea and the transferror refuses or neglects to render any and judgment is rendered sustaining the defense, the transferror will be estopped to question the validity of the judgment when sued on his warranty by the transferee.

Fidelity & Deposit Co. vs. Hardman, 132 La. 525, 61 South. 559.

New Orleans G. N. R. Co. vs. Alcus, 159 La. 36, 105 South. 91.

Appeal from the Third Judicial District Court of Louisiana, Parish of Jackson. Hon. S. D. Pearce, Judge.

Action by Commercial Credit Company, Inc., against Gatlin-McDonald Motor Company.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

A. Leonard Allen, of Winnfield, attorney for plaintiff, appellant.

William J. Hammon, of Jonesboro, attorney for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J. The Gatlin-McDonald Motor Company, a commercial partnership composed of H. M. Gatlin and Wilbur C. McDonald, engaged in the sale of automobiles, sold to one H. A. Howell, on September 5, 1925, an automobile for the price of $141.00, taking in payment thereof his promissory note of that date for said sum, payable in nine monthly installments, eight for $15.85 each, due one a month for the next eight months thereafter, and one for $14.20, due nine months thereafter. The note stipulated payment of interest on each installment after maturity until paid at the

rate of 8% per annum and that failure to pay any installment at maturity should mature all of the installments not then due. And to secure the payment of the note in principal and interest and, in case of suit to collect the same, the fees of the attorney who might be employed for that purpose, which fees were fixed at 25% of the amount then due, and also to secure the payment of court costs, the vendor retained a vendor's privilege on the automobile and the purchaser granted it a mortgage thereon.

Thereafter the Gatlin-McDonald Motor Company sold and transferred the note and mortgage to the Commercial Credit Company, Inc.

The purchaser of the automobile, H. A. Howell, paid the first maturing installment of the note and failing to pay any of the others, the Commercial Credit Company, Inc., brought suit against him on the note in the District Court of Winn Parish, where he lived, on May 14, 1926.

To this suit Howell, on June 7, 1926, filed an exception of want of capacity to contract at the time he executed and delivered the note, setting forth that he was then under the age af twenty-one years and did not reach that age until January 29, 1926.

Whereupon, the attorney for the Commercial Credit Company, Inc., under date of June 12, 1926, wrote the Gatlin-McDonald Motor Company, as follows:

"Few months ago you sold H. A. Howell a Ford, which, to be brief, ultimately got away somewhere. The Commercial Credit Company holds the paper and I filed suit against Howell and he has pleaded his alleged minority. The case has been set down for trial on this exception on June 21. Under the law, although you perhaps endorsed without recourse, yet . you did guarantee the capacity of the parties to sign, and if Howell escapes liability on his non-age, then unquestionably you can be held liable for the unpaid part. As a friend, I am therefore saying to you that this case will be tried on June 21, and if there is any effort you wish to put forth to hold Howell so that you ultimately will not be held, you may have the opportunity to do so. If the matter is not clear to you, I shall be glad to explain it fully if you will drop down here after Monday."

Notwithstanding this notice, the Gatlin-McDonald Motor Company did not help or offer to help defeat the plea of minority, and on June 22, 1926, the exception was tried and the plea of minority sustained and the suit dismissed at the plaintiff's cost.

On June 26, 1926, plaintiff's attorney wrote defendant and, after reciting the foregoing facts, called on defendant to make good plaintiff's loss, pursuant to defendant's warranty and on defendant's failure to do so plaintiff brought this suit.

Plaintiff asks judgment against defendants Gatlin-McDonald Motor Company and H. M. Gatlin and Wilbur C. McDonald in solido for $141.00 with 8% per annum interest thereon from November 5, 1925, until paid, and 25% on the amount of principal and interest as attorney's fees, and for the further sum of $13.75 court costs paid by it in its unsuccessful suit against H. A. Howell in the District Court of Winn Parish; less a credit of $15.85 as of date October 5, 1925.

The defenses are:

. 1. That defendants sold the note to plaintiff without recourse and under an agreement whereby plaintiff was given twenty days in which to investigate the debt-paying character of the maker and return the note and receive back the price paid for it if it did not care to keep it and that inasmuch as plaintiff had not returned the note within that time defendants were released from liability as warrantors thereon.

2. That defendants did not know whether or not the note had been paid.

3. That they are not concluded by the judgment of the District Court of Winn Parish sustaining Howell's plea of want of capacity to execute the note in plaintiff's suit against him for the reason that the judgment was not appealed from by plaintiff and therefore is not final.

4. That they were never legally notified of Howell's defense to plaintiff's suit against him and that had they been called in warranty or as witnesses in that suit by plaintiff they could and would have proved that Howell was twenty-one years of age when he executed and delivered the note and that plaintiff's failure to notify them of the pendency of the suit released them from their obligation of warranty.

And in the alternative, should the court hold that Howell was a minor when he executed and delivered the note, they allege that for several years prior thereto he had been away from home and supporting himself and had made other contracts and performed them, and given other notes and paid them, and that he bought the automobile to enable him to travel greater distances in going to and from his work and that the purchase inured to his benefit as a public worker and he was bound by the contract of purchase notwithstanding minority.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and dismissing its suit and plaintiff appealed.

### OPINION

The first question for decision is whether defendants were released from liability in warranty under the agreement between plaintiff and them. This agreement reads as follows:

"I, we, hereby agree that if, after your payment of the amount stated hereon, for your purchase of the transaction covered by the papers herein, your subsequent investigations of the credit of the buyer are unsatisfactory to you, I, we, will repurchase the same and will honor your draft with such enclosure attached, for the amount you have paid for the same, provided you exercise this privilege within twenty days from the date of payment of this draft."

We do not think this instrument had the effect claimed for it by defendants. In our opinion its purpose was to enlarge and not to contract the rights of plaintiff. It cannot reasonably be construed to mean that plaintiff thereby waived its right to reclaim the price paid for a note that was worthless ab initio not because of the maker's debt-paying character but because of his want of capacity to execute and deliver it.

The next question for decision is whether the maker paid the note or not, and this is disposed of adversely to defendants by the testimony of the witness E. J. Hoffman and the witness E. L. Chesney, the former being the assistant treasurer and the latter the vice-president of the plaintiff, who testified, in answer to the questions:

(8) Has this H. A. Howell note, herein sued on, ever been paid to you by anybody?

(9) Is it now due and owing to your company in the amount as sued on?

To which they made identical answers, as follows:

To question (8), No.
To question (9), Yes.

The next question for determination is the admissibility in evidence of the record in suit No. 5665 on the docket of the District Court of Winn Parish, entitled Commercial Credit Company, Inc., versus H. A. Howell, and whether defendants are concluded thereby on the question of the minority of H. A. Howell at the time of

the execution and delivery of the note. The record was admitted in evidence over the objection of defendants. If that record was properly admitted in evidence then defendants' defenses that H. A. Howell was in fact of the age of majority when he made the note, then the other defenses set up by defendants cannot avail them anything.

We think the record was properly admitted and that defendants are concluded thereby on the question of Howell's minority.

In Fidelity & Deposit Co. vs. Hardman, 132 La. 525, the syllabus, prepared by the court, reads as follows:

"Defendants were indemnitors of plaintiff as surety on a building contractor's bond, and, when suit was instituted by a subcontractor on the bond, the defendants were called in warranty, but excepted to the call as premature, and the exception was sustained. Two of the defendants testified on the trial of the merits, and their counsel participated in the examination of witnesses. Judgment was rendered against the contractor and the surety and was affirmed on appeal by the latter. The surety paid the judgment and then sued the indemnitors. Held, that the indemnitors could have intervened in the suit and were concluded by the judgment."

In the course of its opinion in that case the court said:

"It is well settled in other jurisdictions that:

" 'One who is notified of the pendency of an action and is given an opportunity to defend is concluded as to all questions determined therein which are material to a recovery against him, in an action of indemnity brought by the defendant in the original suit. 22 Cyc. 106.'

"In Washington Gas Co. vs. Dist. of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712, the court through White, J., said:

" 'As a deduction from the right to recover over, it is settled that, where one

having such right is sued, the judgment rendered against him is conclusive upon the person liable, provided notice be given to the latter, and full opportunity be afforded him to defend the action.'

."In the same opinion the court cited the Oceanic Steam Navigation Co. case, 144 N. Y. 663, 665, 39 N. E. 360, 361, in which the rule is thus stated:

" 'It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record.'

"In Costa vs. Joachim, 104 La. 170, 28 South. 992, judgment was rendered against the master for damages for an injury caused by the negligence of his servant, and the master having paid the judgment, sued the servant to recover the amount so paid. The court held that the judgment, not attacked as fraudulent or shown to be erroneous, was binding on the employee. In that case the court cited Robbins vs. Chicago City, 4 Wall. 674, 18 L. Ed. 427, as follows:

" 'Persons notified of the pending of a suit in which they are directly interested must exercise reasonable diligence in protecting their interest, and, if instead of doing so, they wilfully shut their eyes to the means of knowledge which they know are at hand to enable them to act efficiently, they cannot subsequently be allowed to turn around and evade the consequences which their own conduct and negligence have superinduced.' "

Fidelity & Deposit Co. vs. Hardman, 132 La. 525, 61 South. 559, was cited with approval and quoted from by our Supreme Court in New Orleans Great Northern R. Co. vs. Alcus, 159 La. 36, 105 South. 91, from which we quote:

"Defendant company's defense in this case comes too late. The damages and expense of attorney's fees and costs for which plaintiff sues come clearly within the terms of the contract of indemnity.

Defendant company was notified timely of the pendency of the action by Langston against plaintiff company in the Circuit Court of Lawrence County, Mississippi, and was given full and fair opportunity to defend the suit. Defendant company is therefore concluded as to all questions determined therein which are material to a recovery against it. Fidelity & Deposit Co. vs. Hardman, et al. 132 La. 525, 61 South. 559."

Defendants in this case were timely notified by plaintiffs of the pendency of plaintiff's suit against H. A. Howell in the District Court of Winn Parish and of Howell's defense thereto and were given full and fair opportunity to establish their capacity to execute and deliver the note therein sued on, but elected not to avail themselves of it. Defendant H. M. Gatlin, asked about the letter from plaintiff's attorney notifying defendants of the plaintiff's suit against Howell and of his plea of minority therein copied above, testified:

"Q. You did receive such a letter?
"A. Yes, sir, but I didn't pay any attention to it, because I didn't figure it was to the best of my interest to go down there."

The judgment appealed from is erroneous and must be reversed. It should have been in favor of the plaintiff.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff, Commercial Credit Company, Inc., do have of and recover from defendants, Gatlin-McDonald Motor Company and H. M. Gatlin and Wilbur C. McDonald in solido, judgment for the sum of one hundred and forty-one dollars with 8% per annum interest thereon from November 5, 1925, until paid, and the further sum of 25 per cent on the amount of principal and interest as attorney's fees; less a credit of fifteen and 85/100 dollars as of date October 5, 1925.

It is further ordered, adjudged and decreed that defendants pay the costs of this suit in both courts.