This matter comes before us on motiort of American Mutual Liatility Insurance Company to dismiss the appeal of Barclay Compress Company, Inc., from that part of the judgment dismissing the suit of plaintiff, Winton Jones, and the intervention of T. Smith and Son, Inc., insofar as the said American Mutual Liability Insurance Company is concerned.
A clear understanding of the relationships between the various parties is necessary. Jones alleges that while he was engaged as an employee of T. Smith and Son, Inc., in carrying out the duties of his hazardous employment, he sustained injuries as the result of the falling of a part of the concrete ceiling of the wharf in which he was working under circumstances which rendered the Illinois Central Railroad Company and Barclay Compress Company, Inc., liable, and that American Mutual Liability Insurance Company was also rendered liable because it had issued to Barclay Compress Company, Inc., a policy of public liability insurance. He averred that he had been paid compensation under the Workmen's Compensation Laws by his employer, T. Smith and Son, Inc., at the rate of $20 per week for a total of fifty-one weeks, and that his said employer had paid medical expenses amounting to $500 and that his said employer was, therefore, subrogated to his rights against the defendants for the amounts paid. He prayed for solidary judgment against these said corporations, to wit: Illinois Central Railroad Company, Barclay Compress Company, Inc., and *Page 34 
American Mutual Liability Insurance Company in the sum of $59,650.50.
T. Smith and Son, Inc., intervened and alleged that it had paid to Jones $1,040 up to the time at which the intervention was filed and had also paid medical expenses in excess of $350. It further alleged that it might be required by law to make additional compensation payments or to expend under the Workmen's Compensation Law additional amounts for other purposes and it prayed for judgment, for such amounts as it had expended or might be required to expend, against Illinois Central Railroad Company, Barclay Compress Company, Inc., and American Mutual Liability Insurance Company, in solido.
Illinois Central Railroad Company denied all liability in the matter, but averred that if it should be held liable to any extent, Barclay Compress Company should be held liable to it as warrantor because of a lease contract between the said railroad company and Barclay Compress Company under which the latter company had assumed all risk of injury and damage.
Barclay Compress Company, Inc., denied all liability to plaintiff or intervener, averring that the injury was caused by the negligence of the employees of T. Smith and Son, Inc. It further averred that the Board of Commissioners of the Port of New Orleans had assumed all risk of injury and damage resulting from the construction, condition or state of repair of the wharf and that, therefore, if the Barclay Compress Company, Inc., should be held liable to plaintiff or intervener, or both, the said Board of Commissioners, as warrantors, should in turn be held liable to the Barclay Compress Company, Inc., and it prayed for judgment in warranty against the said Board of Commissioners.
Barclay Compress Company, Inc., did not call the American Mutual Liability Insurance Company in warranty. Whether it could have done so under the terms of the policy is a question on which we express no opinion.
In answer to the petition of plaintiff and of the intervener American Mutual Liability Insurance Company denied all liability, averring especially that because of failure to comply with policy requirements as to the giving of notice of the accident, it had been relieved of any liability under its policy if, in fact, any liability ever existed under the state of facts which led up to and which surrounded the accident. It also called the Board of Commissioners of the Port of New Orleans in warranty.
The Board of Commissioners of the Port of New Orleans filed exceptions of no right of action and no cause of action to the calls in warranty of the Barclay Compress Company, Inc., and of the American Mutual Liability Insurance Company. These exceptions were sustained and the calls in warranty against the said Board of Commissioners of the Port of New Orleans were dismissed.
After a trial on the merits, there was judgment in favor of Winton Jones, Plaintiff, and T. Smith and Son, Inc., against Illinois Central Railroad Company and Barclay Compress Company, Inc., in solido, in the sum of $12,500. There was further judgment to the effect that T. Smith and Son, Inc., should receive out of the said amount all amounts paid by it as compensation or in connection with the compensation claim of Jones, together with attorney's fees, and there was further judgment in favor of the Illinois Central Railroad Company over against the Barclay Compress Company, Inc., in the sum of $12,500, and also judgment dismissing the suit of the plaintiff and of the intervener as against American Mutual Liability Insurance Company.
The plaintiff and the intervener did not appeal, but Barclay Compress Company, Inc., appealed and expressly appealed from that part of the judgment which dismissed the suit of the plaintiff and the intervener insofar as American Mutual Liability Insurance Company is concerned.
It is the last appeal by Barclay Compress Company, Inc., against American Mutual Liability Insurance Company, Inc., which the insurance company now moves to dismiss.
While the status of the various parties is somewhat confusing, the issue which is *Page 35 
presented by the motion to dismiss presents a simple question of law.
Where, in a tort action, a defendant is sued as a tort-feasor and his insurer is also made a direct defendant under Act No. 55 of 1930, and the tort-feasor does not or cannot call the insurer in warranty under the insurance policy, if a judgment is rendered against the tort-feasor but in favor of the insurer, and the plaintiff does not appeal from the judgment insofar as it dismisses the suit against the insurer, may the tort-feasor appeal from that part of the judgment which dismissed the insurer?
The Insurance Company, moving to dismiss the appeal, asserts that no appeal lies in favor of Barclay Company from that part of the judgment which dismisses the suit as against the Insurance Company.
Counsel for the Barclay Compress Company assert, on the other hand, that since that company and the Insurance Company were made defendants in a suit in which solidary judgment is prayed for against both, either has a right to appeal from a judgment which dismisses the other. They base this contention largely on the result which was reached by the Supreme Court in Quatray v. Wicker, 178 La. 289, 151 So. 208, 212, in which there was involved a claim ex delicto against two alleged joint tort-feasors. A solidary judgment was rendered against both, and this judgment was paid by one of them, who took a subrogation to all the rights of the plaintiff against the other and then, by attachment, sought to collect from the other half of the amount paid. The Supreme Court held that the other defendant must contribute "half of the amount of the judgment."
Counsel for the Barclay Compress Company, Inc., now contend that as a result of this holding, since the Barclay Company and the American Mutual Liability Insurance Company were sued solidarily by the plaintiff and by the intervener, the Barclay Company, as a solidary obligor, is within its rights in appealing from the judgment which dismissed the suit as against the company which could have been held with it as a solidary obligor and which the Barclay Company now contends should be so held.
The truth is, however, that as between the Barclay Compress Company, Inc., and the American Mutual Liability Insurance Company, those two defendants are not solidary obligors. It is true that by Act No. 55 of 1930 the plaintiff is given the right to sue them solidarily and to collect the entire amount from either or from both, but as between them, they are not in truth solidary obligors since, if there is any liability under the insurance policy, the insurer is liable to the Barclay Compress Company, Inc., for the entire amount, not for a prorata share. Counsel for appellant themselves recognize this since, in their answer, they admit that the American Mutual Liability Insurance Company is the insurer of the Barclay Compress Company, Inc., and in their answer to the motion to dismiss the appeal, they make the following statement: "1. Although this suit was filed by plaintiff against Barclay Compress Company, Inc., and American Mutual Liability Insurance Company in solido, and their liability to plaintiff in the event of judgment in plaintiff's favor would be in solido, as between Barclay and the Insurance Company, the rights are fixed by the insurance policy, and it is the Insurance Company's obligation to indemnify Barclay."
In other words, the truth is that any right which the Barclay Company may have against the American Mutual Liability Insurance Company does not result from the fact that the two are solidary obligors, but results solely from the fact that the one (American Mutual Liability Insurance Company) is the insurer or warrantor of the other. If, under the terms of its policy, the Barclay Company could, in this suit, have called the Insurance Company in warranty and could have asserted any rights which it might have against the Insurance Company (Bordelon v. Ludeau's Lumber Yard, La. App., 177 So. 436) it did not do so. Had it called the Insurance Company in warranty, it could have appealed from the judgment dismissing that call in warranty or dismissing the suit insofar as the Insurance Company is concerned.
If it has any rights against the Insurance Company under the policy, those *Page 36 
rights, as between it and the Insurance Company, have not been passed upon.
In spite of the vehement protest of counsel for Barclay Compress Company that the decision of our Brothers of the First Circuit in Reid v. Monticello, La. App., 33 So.2d 760, 762, may be distinguished, we do not see the distinction, and find the reasoning in that opinion sound, and applicable here. There a plaintiff in a tort action sued the alleged tort-feasor and its liability insurance carrier, the latter as a result of Act No. 55 of 1930. Before the suit was tried it came to light that the alleged tort-feasor carried another liability policy in another company and the plaintiff then made the other insurer a party defendant and prayed for solidary judgment against this second insurer along with the alleged tort-feasor and the insurer which had been originally sued. There was judgment in favor of the plaintiff against the tort-feasor and the first insurer, but the suit as against the second insurer was dismissed. The plaintiff appealed only as to the amount and that only as against the tort-feasor and the first insurer. The tort-feasor and the first insurer appealed from the judgment not only insofar as it ran in favor of plaintiff, but also insofar as it dismissed the second insurer. The second insurer moved to dismiss this appeal and the appeal was dismissed, the Court saying: "True it is that in their motion for appeal, Monticello and Car General Insurance Company complain of the judgment on both grounds, namely that it decrees liability against them and that it also relieved their codefendant of liability, yet this court is without power to entertain their complaint as to their codefendant because as between them and their codefendant, no issue was contested or controverted nor was any issue between them adjudicated by the judgment appealed from."
That is what we say here. The judgment adjudicated no rights as between Barclay Company and American Mutual Liability Insurance Company. Counsel for the Barclay Company say that the Court, in deciding Reid v. Monticello, failed to consider the effect of the decision of the Supreme Court in Quatray v. Wicker. Even if it be assumed that as a result of the decision in Quatray v. Wicker, a solidary obligor, who is discharged in a judgment, may be kept in the case by the appeal of the other solidary obligor — and the decision does not expressly so hold — still, as already pointed out, the case at bar is not in truth one involving the right of a solidary obligor to require another solidary obligor to remain in the case as a party defendant, since, as we have already pointed out, between the Barclay Company and the American Mutual Liability Insurance Company there is not a relationship of solidary obligors. Even in the case of solidary obligors, if only one is sued, it cannot call the other in warranty or insist that the other be made a party defendant. It is only where both are sued and judgment is rendered against both that one may require the other to contribute. There is no such situation here.
The Barclay Compress Company, Inc., has no right to appeal from the judgment, which, in fact, adjudicated no rights as between it and American Mutual Liability Insurance Company.
The appeal of Barclay Compress Company, Inc., insofar as American Mutual Liability Insurance Company is concerned, is dismissed at the cost of Barclay Compress Company, Inc.
Motion to dismiss sustained. *Page 37