McBRIDE, Judge
(dissenting).
As stated by the organ of the court there is in this case a rather unusual' situation. It is argued on behalf of plaintiff that she is entitled to a reversal of the judgment dismissing her suit and a judgment in her favor for her damages, for the reason that the defendant did not see fit to produce on the trial of the case below certain witnesses from'whom it had taken statements respecting the accident.
In number the witnesses produced by the one side about equals the number of those produced by the other, and a decision of the case on the appeal depends on which set of witnesses is to be believed. If it were not for the circumstances, which I shall refer to hereafter, my opinion would be, in line with a trite rule, that the judgment should be affirmed because the trial judge was in the best position to assay the veracity of the witnesses and there appears no manifest error in his findings on a factual question.
We have a case before us in which it was brought out on the cross-examination of the claim’s investigator of. the defendant .that there were five other witnesses, three of whom were not present at the trial, their absence being unaccounted for.
There is also in our jurisprudence a time-honored and respected rule, which runs back as far as Cockrell v. Smith, 1 La. Ann. 1, to the effect that where a party does not produce witnesses or fails to adduce available evidence in support o.f his case a presumption should go against him that the evidence, if produced, would have been unfavorable to his cause.
Here in this case, in which the judgment can be affirmed only on the theory that there is no manifest error,. are three witnesses who may have knowledge as to what happened in connection with the accident which forms the foundation of the suit ánd who were not produced by defendant. Trial counsel for the defendant stated that he did not want “ten witnesses to all say the same thing.” Yet, the case is about as close as any case- could possibly be, the evidence on each side being in almost perfect balance. I believe that the defendant should have produced the three witnesses, or have' made ' some explanation of their absence.
I agree that the presumption which ordinarily goes against a litigant failing to produce vital and available evidence is a harsh one and should not be applied in this case'so as to bring about a complete reversal of the judgment with a judgment rendered in favor of plaintiff for the large amount of damages claimed resulting from serious-personal injuries.
I do not mean to infer that a litigant need place on the stand each and every person who has knowledge of the dispute, but I sincerely think that the defendant should have produced the three witnesses whose written statements were obtained by the claims investigator when the case resolved itself into such a close one. The function of a court is to accomplish justice, and the benefit of the testimony of the three witnesses, whatever it may be, would materially assist in attaining that end in this case.
I .do not overlook the principle that an appellate- .court should sparingly exercise its right to remand a case for the taking of further evidence, but because of the novel circumstances with which we deal here, the power to remand should be utilized so that the case will not turn on the old principle that as there is no manifest error the judgment is to be affirmed. No court should shirk the duty of remanding a case where the ends of justice dictate such procedure, and my thought is that this case is a- fit subject to be sent to- the lower court to be further proceeded with irrespective of which party carries the burden of proof.
The provisions of C. P. art. 906 are apropos here:
“ * * * if the court shall think it not possible to pronounce definitely on the cause, in the state in which it is, either because the parties have failed to 1 adduce the necessary testimony, * * * it’may, according to circumstances, remand the cause to the lower *407 court, with instructions' as to the .testimony which it shall receive, to the end that it may decide according to law.”
I respectfully dissent.